In the

# United States Court of Appeals

## For the Seventh Circuit

No. 09-2037

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

RONALD SELLERS,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 08 CR 144 C 02—**Barbara B. Crabb**, *Chief Judge*.

ARGUED OCTOBER 15, 2009—DECIDED FEBRUARY 25, 2010

Before RIPPLE, MANION, and KANNE, *Circuit Judges*.

PER CURIAM. Ronald Sellers pleaded guilty to possessing cocaine with the intent to distribute, *see* 21 U.S.C. § 841(a)(1), and was sentenced to a prison term of 168 months. On appeal he challenges his sentence and argues that the district court erred in denying him a two-level reduction for acceptance of responsibility. Specifically, he contends that his cooperation with law enforcement and his guilty plea outweigh two incidents

that the court identified as continued criminal conduct. We affirm.

From early 2008 through their arrest in September 2008, Sellers and Kurt Schels ran a cocaine-trafficking operation between Eagle River, Wisconsin, and Miami, Florida. The operation involved weekly car trips from Wisconsin to Miami to pick up cocaine from their supplier, Luis Capuzzo. Sellers and Schels would then deliver the drugs to a distributor named John Doyle in Nashville, Tennessee. If Doyle was unavailable, however, the two men would return to Wisconsin, store the drugs at Schels's residence, and distribute the cocaine themselves.

In August and September 2008, law-enforcement officers orchestrated five controlled buys using a confidential informant and an undercover officer. Less than a month after the first controlled buy, Sellers and Schels were arrested as they were driving from Miami to Wisconsin with 559 grams of cocaine in the car and a shotgun in the trunk. Sellers cooperated after his arrest and provided information against Schels, Capuzzo, Doyle, and other key individuals. In December 2008 he pleaded guilty to one count of possession and acknowledged that the amount of cocaine involved in the offense of conviction was more than 500 grams.

The probation officer prepared a presentence report and concluded that a reduction for acceptance of responsibility was not warranted based on two post-arrest incidents that the probation officer characterized as "continued criminal conduct." *See* U.S.S.G. § 3E1.1. First,

the probation officer explained that Sellers had called his wife, Carol, five days after his arrest and instructed her to contact Doyle in Nashville and warn him to "empty his bookcases." Sellers had also told Carol to advise Doyle that the police could not make a case against him if he kept quiet. The probation officer concluded that Sellers had willfully attempted "to direct or procure another person to destroy or conceal evidence" but decided that an upward adjustment for obstruction of justice was not warranted because the evidence would not have been "material to the instant offense." The call was, however, reason to deny a reduction under § 3E1.1. Second, the probation officer noted that Sellers had attacked another prisoner during a card game while detained. Witnesses described the violent, unprovoked nature of the attack, reporting that Sellers repeatedly punched the other prisoner, attempted to slam his body on the ground, and chased him down even as the victim tried to retreat. Accordingly, the probation officer recommended that the district court deny Sellers any reduction for acceptance.

The district court adopted the probation officer's recommended findings. In declining to reduce Sellers's offense level for acceptance of responsibility, the court reasoned that his post-arrest phone call and his jail fight were criminal acts which suggested a heightened risk of recidivism and signaled that Sellers had not withdrawn from his criminal associations as is required to qualify for the reduction. Applying a total offense level of 34 against Sellers's category II criminal history, the court calculated

an imprisonment range of 168 to 210 months and imposed a sentence at the low end of that range.

On appeal Sellers argues that the district court should have awarded him a reduction for acceptance of responsibility because, he says, he entered a guilty plea early, demonstrated remorse, and assisted the government's investigation. He argues that the district court clearly erred when it concluded that the phone call to his wife and his altercation in jail were evidence of continued criminal conduct sufficient to negate what he describes as his considerable cooperation with the government. We review a finding regarding acceptance of responsibility for clear error, *United States v. Otero*, 495 F.3d 393, 400 (7th Cir. 2007), giving great deference to the sentencing judge. *United States v. Gilbertson*, 435 F.3d 790, 798-99 (7th Cir. 2006).

Although timely pleading guilty and truthfully admitting the offense of conviction and other relevant conduct are actions consistent with acceptance of responsibility, these steps do not entitle a defendant to a reduction under § 3E1.1. *See* U.S.S.G. § 3E1.1 cmt. n.3; *United States v. Bothun*, 424 F.3d 582, 586 (7th Cir. 2005). Evidence pointing toward acceptance of responsibility may be outweighed by other incompatible acts or statements. *See* U.S.S.G. § 3E1.1 cmt. n.3. One factor that a judge should consider in making this determination is whether the defendant voluntarily ended his criminal conduct and associations. *See* U.S.S.G. § 3E1.1 cmt. n.1(b); *Bothun*, 424 F.3d at 586-87; *United States v. McDonald*, 22 F.3d 139, 144 (7th Cir. 1994) (noting that sentencing judge may

consider not only criminal conduct and associations related to charged offenses, but criminal conduct and associations generally).

The district court reasoned that Sellers's post-arrest phone call asking his wife to warn his biggest drug buyer that the police were onto them demonstrates that Sellers had not voluntarily withdrawn from his criminal associations. Sellers argues that the phone call was helpful to the government's investigation. According to Sellers, his call gave Doyle and his other criminal associates a false sense of security that investigating authorities could use to their advantage. Sellers also argues that any potential loss of evidence resulting from that call was far outweighed by Sellers's later description to the government of Doyle's role in the operation. But Sellers's attempt to spin the facts does not change the essential criminal nature of the act. The district court was entitled to view his post-arrest phone call as an effort to maintain his criminal ties with Doyle and continue his criminal conduct.

Moreover, although the government did not ask for, and the district court did not impose, an upward adjustment for obstruction of justice under U.S.S.G. § 3C1.1, Sellers's phone call to his wife nonetheless could qualify as obstruction under the guidelines. *See United States v. Boyle*, 484 F.3d 943, 944 (7th Cir. 2007) (upholding increase for obstruction based in part on defendant's phone call to associate directing him to destroy evidence). The probation officer reasoned that any evidence which might have been destroyed as a result of the

call would be material to a future prosecution of Doyle, not Sellers, and thus was not material to the "instant offense." That reasoning was mistaken; evidence in Doyle's possession could have affected Sellers's sentence or led to additional charges. More importantly, a defendant's conduct that obstructs or impedes not his own case but a "closely related offense" will still warrant an increase. *See* U.S.S.G. § 3C1.1. It does not matter whether Sellers's obstructive conduct was immaterial to his *own* guilt or sentencing as long as it was material to Doyle's closely related drug activities. *See United States v. Messino*, 382 F.3d 704, 708 (7th Cir. 2004). If the district court had used the phone call as the basis for an obstruction increase under § 3C1.1, Sellers's contention that he deserved the acceptance reduction would have been even more unconvincing because the guidelines treat an obstruction adjustment as presumptively incompatible with a reduction for acceptance of responsibility. *See* U.S.S.G. § 3E1.1 cmt. n.4; *United States v. Krasinski*, 545 F.3d 546, 554 (7th Cir. 2008); *Boyle*, 484 F.3d at 944.

Sellers further argues that his attack against his fellow inmate should not be considered "continued criminal conduct" because it was completely unrelated to the offense of conviction. Sellers, through counsel, had represented at sentencing that his behavior was partly attributable to grief about his wife's death from an overdose during his detention. He argues here that the district court should have considered the assault an anomalous, isolated event. But continued criminal conduct does not need to be related to the offense of conviction to sup-

port the denial of acceptance points. *McDonald*, 22 F.3d at 141. The district court did not err in concluding that Sellers's jail fight was inconsistent with a sincere acceptance of responsibility for his criminal conduct.

Accordingly, Sellers's sentence is AFFIRMED.