NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 14, 2010
Decided October 18, 2010

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 10-2399

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the<br>United States District Court for the |
| *Plaintiff-Appellee*, | Eastern District of Wisconsin. |
| *v.* | No. 2:08-cr-00172-LA-33 |
| RONALD EVANS, | Lynn Adelman, |
| *Defendant-Appellant*. | *Judge*. |

**O R D E R**

Ronald Evans was one of 36 defendants arrested for operating a large-scale drug ring in Milwaukee, Wisconsin. He initially was charged with distributing crack cocaine, and because the amount was at least 50 grams, he faced a minimum prison term of ten years. 21 U.S.C. § 841(a)(1), (b)(1)(A) (2006). As part of a plea agreement, Evans cooperated with investigators, and in exchange the government dismissed the distribution count and charged him by Information with unlawful use of a telephone to facilitate a felony drug offense, which carries a statutory maximum prison term of four years. *Id.* § 843(b), (d)(1). The district court, citing to *Kimbrough v. United States,* 552 U.S. 85 (2007), imposed a sentence of 24 months, the bottom of the guidelines range that would have applied if Evans's offense had involved powder cocaine instead of crack.

Evans filed a notice of appeal, but his appointed lawyer moves to withdraw because he cannot identify a nonfrivolous argument to pursue. *See Anders v. California,* 386 U.S. 738 (1967). Evans has not responded to counsel's submission. *See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh,* 289 F.3d 968, 973-74 (7th Cir. 2002). There is no indication that Evans wants his guilty plea vacated, so counsel appropriately omits discussing possible challenges to the plea colloquy or the voluntariness of the plea. *See United States v. Knox,* 287 F.3d 667, 671 (7th Cir. 2002).

Counsel reports that he searched the record for possible challenges to Evans's sentence, but the only conceivable claim, he says, is whether Evans could argue that the district court committed clear error by finding that he did not accept responsibility. *See* U.S.S.G. § 3E1.1. Counsel has concluded that this potential argument would be frivolous and we agree. It was Evans's burden to establish that he accepted responsibility, and pleading guilty is not enough to guarantee a reduction. *United States v. Sellers,* 595 F.3d 791, 793 (7th Cir. 2010); *United States v. McIntosh,* 198 F.3d 995, 999-1000 (7th Cir. 2000). The district court concluded that Evans had not accepted responsibility because he violated a number of pretrial-release conditions. The court found that Evans had falsified the daily-activity logs given to his pretrial-services officer, fabricated hospital visits to explain unauthorized absences from his residence, and enticed an acquaintance to claim that Evans worked for him when in fact Evans did not have a job. Evans did not dispute these violations; he argued only that the conduct was irrelevant as it was unrelated to narcotics. But evidence that a defendant violated conditions of his pretrial release is relevant to whether he accepted responsibility regardless of the nature of underlying offense. *See United States v. Bothun,* 424 F.3d 582, 586-87 (7th Cir. 2005); *McIntosh,* 198 F.3d at 999.

The potential § 3E1.1 argument is especially frivolous because a decrease for acceptance of responsibility would not have lowered Evans's imprisonment range. The district court found the imprisonment range to be 48 months because the statutory maximum is the guidelines range when, as here, the statutory cap is lower than the minimum term calculated under the guidelines. U.S.S.G. § 5G1.1(a); *see, e.g., United States v. Spano,* 476 F.3d 476, 478 (7th Cir. 2007). If not for this limitation, Evans's imprisonment range would have been 78 to 97 months even with a 3-level reduction for acceptance of responsibility because his base offense level was 30 and his criminal history category is II. Thus, the § 3E1.1 ruling did not affect the imprisonment range, and regardless, the district court said that it would and did consider Evans's misconduct on pretrial release in evaluating the factors under 18 U.S.C. § 3553(a).

The motion to withdraw is GRANTED, and the appeal is DISMISSED.