In the

# United States Court of Appeals

### For the Seventh Circuit

No. 10-2698

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

EDWARD V. HORN,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 1:09-cr-00822-1—**Milton I. Shadur**, *Judge.*

ARGUED JANUARY 25, 2011—DECIDED MARCH 14, 2011

Before KANNE, EVANS, and WILLIAMS, *Circuit Judges.*

EVANS, *Circuit Judge.* Edward Horn pleaded guilty to
one count of mail fraud. Before being sentenced, how-
ever, Horn violated the conditions of his pretrial re-
lease. Based on the violations and some disturbing addi-
tional conduct, the district court declined to grant
Horn's request for an acceptance of responsibility ad-
justment to his guideline range. He was sentenced to
a term of 51 months. On this appeal, Horn argues that
the district court erred when it denied his request.

Horn pleaded guilty to a one-count indictment charging mail fraud. The basis for the charge was a scheme that took more than a little bit of chutzpah to try and pull off: Horn was the beneficiary under his wife's $500,000 life insurance policy with the Lincoln National Life Insurance Company, and he submitted a claim to the money (using the mail) based upon her death. There was one problem—she was alive and well. Lincoln National smelled a rat, and it was ultimately discovered that Horn used a certified copy of his mother-in-law's death certificate (she died in Michigan in 2007) to fake a claim that his wife[1] had gone to the great beyond. As it turned out, this was not Horn's first brush with the law; he previously was convicted of mail fraud in another scam on an insurance company, and he was under investigation for submitting fraudulent claims to three other insurance companies.

After pleading guilty to the charge, but before being sentenced, Horn struck up an Internet relationship with a woman in St. Louis. And he continued to work the grift. In a rather brazen display of moxie, Horn represented himself as a millionaire who would care for her by, among other things, purchasing a house in St. Louis for her to live in. In violation of his pretrial release, Horn traveled to St. Louis, where he met with the woman.

---

[1] According to the presentence report, Horn's wife, Priscilla, was not involved in the scam. She testified before the grand jury and said she "had no knowledge of the false claim on her life insurance policy until after it was submitted."

While there, Horn entered into a fraudulent residential sales contract for a $2.6 million home; during subsequent e-mail communications with the realtor, Horn assumed the identity of an attorney who had represented him 10 years earlier.

After the details of his scam came to the attention of law enforcement, the district court revoked Horn's pretrial release. At the revocation hearing, Horn did not deny the government's allegations or evidence, and the district court warned defense counsel that Horn's violations of his pretrial release could affect any reduction under the guidelines for acceptance of responsibility. Thereafter, the probation officer supplemented the presentence report to incorporate Horn's violation of his pretrial release and, in doing so, withdrew the three-level reduction for acceptance of responsibility that had been previously proposed.

At sentencing Horn objected to the withdrawal of the proposed reduction on the basis that he had promptly pleaded guilty, complied with other conditions of his release, and did not engage in conduct resulting in a criminal prosecution. On balance, Horn asserted, the violations of his pretrial release did not outweigh his positive behavior that warranted the reduction.

The district court rejected this contention, concluding that Horn's pattern of behavior was "not acceptable in terms of acceptance of responsibility." The court explained that any characterization of Horn's conduct as merely improper was a "euphemism," because the conduct qualified as "incipient criminal charges" and reflected

Horn's failure to terminate his criminal conduct. The district court accepted the guideline calculations proposed in the supplemental presentence report (a range of 46 to 57 months, up from 30 to 37 months) and sentenced Horn to 51 months.

On appeal Horn argues that the district court erred by denying him a three-level reduction for acceptance of responsibility because his entry into a prompt guilty plea outweighed the violations of his pretrial release (he says his actions may have been "shameful and regrettable" but they were not "criminal"). The district court, however, properly determined that his prompt guilty plea did not entitle him to a reduction for acceptance of responsibility. A timely guilty plea is a giant step toward getting the benefit of the reduction, but it can be outweighed by conduct inconsistent with acceptance of responsibility. U.S.S.G. § 3E1.1 cmt. n.3; *United States v. Sellers,* 595 F.3d 791, 793 (7th Cir. 2010); *United States v. McDonald*, 22 F.3d 139, 144 (7th Cir. 1994). Horn's conduct here clearly forfeited his right to the benefit, as his actions were much more than merely "shameful." *See* U.S.S.G. § 3E1.1 cmt. n.1(b) (stating that a determination regarding acceptance of responsibility may consider a defendant's "voluntary termination or withdrawal from criminal conduct or associations"); *Sellers,* 595 F.3d at 793; *McDonald*, 22 F.3d at 144.

Horn disputes the district court's conclusion that travel to St. Louis and negotiation of the real estate contract constitutes the continuation of "criminal conduct or association." *See* U.S.S.G. § 3E1.1 cmt. n.1(b). Horn

suggests, without citation to any authority, that his conduct was not "inherently" criminal. This suggestion is frivolous. As the district court correctly concluded, Horn's violation of his bond was a continuation of his criminal conduct and association for purposes of acceptance of responsibility. *See United States v. McLaughlin,* 378 F.3d 35, 41 (1st Cir. 2004); *United States v. Kirkland*, 28 F.3d 49, 51 (7th Cir. 1994); *United States v. Hooten*, 942 F.2d 878, 882-83 (5th Cir. 1991).

For these reasons, the judgment of the district court is AFFIRMED.