```
NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1
```

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued June 14, 2011
Decided July 8, 2011

*Before*

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 10-3684

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 09-CR-0170 |
| | |
| PETER T. ELLIOTT, | Rudolph T. Randa, |
| *Defendant-Appellant.* | *Judge.* |

**O R D E R**

Peter Elliott pleaded guilty to one count of bank fraud, 18 U.S.C. § 1344(1). While awaiting sentencing, he robbed a bank and was caught carrying a gun in a school parking lot. Those new crimes prompted the district court to deny him a reduction for acceptance of responsibility, *see* U.S.S.G. § 3E1.1(a), and that ruling is the sole basis for this appeal. We affirm the judgment.

Elliott, a lawyer who is no longer authorized to practice, diverted money for personal use from his client trust account. He prolonged this scheme by replacing the funds he diverted from one client with funds from another client. The downturn of the economy reduced the flow of cash into his trust account, and when the balance fell too low to meet

client obligations, Elliott began a check-kiting scheme that swindled over $3.5 million from his clients and the bank that maintained his account.

Elliott was charged with bank fraud and pleaded guilty. He remained free on bond, but shortly before sentencing he was arrested by local police for carrying a gun in a school parking lot. The arresting officer also noticed that Elliott matched the description of the suspect who had robbed an area bank the previous month. State prosecutors charged him with bank robbery, possession of a firearm in a school zone, and carrying a concealed weapon. Elliott initially pleaded not guilty and not guilty by reason of mental disease or defect, and although those charges remained pending at the time of his federal sentencing, he since has resolved them by changing his plea to "guilty" on the charge of bank robbery.

The probation officer calculated a total offense level of 31 that did not include a reduction for acceptance of responsibility. The probation officer reasoned that Elliott had continued to engage in criminal conduct while on bond, which outweighed his timely guilty plea and initial contrition. Elliott objected to the absence of points for acceptance of responsibility and argued at sentencing that the state charges did not negate that he had been "completely candid about every scintilla aspect of this case." In his written objections to the presentence report, defense counsel had declined to discuss the state charges (citing the Fifth Amendment), and at sentencing Elliott did not testify or introduce any other evidence relevant to those charges. Indeed, at sentencing Elliott did not even concede that he participated in the bank robbery. Through his attorney, though, Elliott argued that, because he entered a plea of not guilty by reason of mental disease or defect, he was not legally responsible for the state crimes and therefore "he did voluntarily end any criminal conduct since the bank fraud."

The district court rejected Elliott's logic. The court began its analysis by highlighting that a reduction under § 3E1.1 is not automatic and that a defendant has the burden of showing that a reduction is merited. The court explained that, even though Elliott had decided to "fess up" to the federal charge, his conduct after pleading guilty was still relevant to acceptance of responsibility. The bank robbery was especially egregiousness, the court observed, given that Elliott had just pleaded guilty to bank fraud. The court acknowledged that Elliott had not been convicted on the state charges but implicitly found, after reviewing Elliott's confession to the bank robbery, the police reports, and the complaints filed in state court, that in fact Elliott had committed the charged crimes. And on that basis the district court concluded that Elliott did not deserve a reduction for acceptance of responsibility.

On appeal Elliott contends that the district court neglected to consider his contention that the events after his guilty plea did not undercut a finding of acceptance of

responsibility since in the state court he had entered a plea of not guilty by reason of mental disease or defect. That "special plea," says Elliott, meant that he did not voluntarily participate in criminal activity while on bond because he "did not act with a guilty mind." It follows, he says, that the state crimes did "not outweigh his otherwise exceptional acceptance of responsibility." But we now know, based on Elliott's recent guilty plea, that he did act "with a guilty mind," at least as to the bank robbery, so it is difficult to see what benefit could come from this appeal; in the event of a remand, Elliott no longer can make the argument that he says was not considered.

Elliott cites no statute, guideline, or case to support the premise that his special plea precluded the district court from weighing the state crimes against his timely guilty plea and apparent remorse. Section 3E1.1(a) provides for a 2-level decrease if "the defendant clearly demonstrates acceptance of responsibility." U.S.S.G. § 3E1.1(a). Although the guideline instructs that a timely guilty plea coupled with a truthful admission of "the conduct comprising the offense of conviction . . . will constitute significant evidence of acceptance of responsibility," this evidence "may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility." *Id.* cmt. 3; *see United States v. Sellers*, 595 F.3d 791, 793 (7th Cir. 2010); *United States v. Wade*, 458 F.3d 1273, 1279 (11th Cir. 2006)*; United States v. Walker*, 234 F.3d 780, 784 (1st Cir. 2000). In particular, continued participation in criminal conduct is inconsistent with acceptance of responsibility. *See* U.S.S.G. § 3E1.1 cmt. n.1(b) (stating that it is appropriate for the sentencing court to consider "voluntary termination or withdrawal from criminal conduct or associations" when determining whether acceptance of responsibility is warranted); *United States v. Horn*, 635 F.3d 877, 879 (7th Cir. 2011); *Sellers,* 595 F.3d at 793; *United States v. Jordan*, 549 F.3d 57, 60 (1st Cir. 2008); *United States v. Dugger*, 485 F.3d 236, 240-41 (4th Cir. 2007). The burden lies with the defendant to demonstrate that the reduction is warranted. *United States. v. Daniels*, 625 F.3d 529, 534 (8th Cir. 2010); *United States v. Bacon*, 617 F.3d 452, 458 (6th Cir. 2010)*; United States v. Silvious*, 512 F.3d 364, 370 (7th Cir. 2008). And a defendant challenging information in a presentence report must "do more than simply deny the information presented." *United States v. Lister*, 432 F.3d 754, 760 (7th Cir. 2005).

Despite his burden to demonstrate that the reduction for acceptance of responsibility was warranted, Elliott did not introduce any *evidence* to substantiate his lawyer's assertion that he was not culpable in the state case and instead rested on his plea of not guilty by reason of mental disease or defect. Indeed, Elliott did not even speak to the state charges during his allocution. A denial of guilt (or, as in this case, a formal plea that implicates a possible defense) is evidence of nothing. As a consequence, there was no factual dispute to resolve and nothing that needed to be said by the district court in response to Elliott's argument. The argument required a factual predicate, which Elliott never provided. Moreover, Elliott has since pleaded guilty to the charge of bank robbery, and the state court

would not have accepted his guilty plea if he continued to maintain that he did not have the requisite mens rea for the crime.

At all events, the district court did respond to Elliott's argument. Although the district court did not use the words "mental disease or defect" in explaining why Elliott's conduct precluded a reduction for acceptance of responsibility, the court considered and rejected the argument that he participated in the state offenses without a "guilty mind." Elliott had raised the argument in his written objections to the presentence report and did so again at sentencing, and the district court responded by noting that it had "read the submissions" and "heard additional argument on those submissions." The district court also acknowledged that Elliott had not yet been found guilty. Accordingly, it is apparent that the court understood and considered Elliott's argument. The court concluded from the information of record that Elliott had committed the bank robbery and that this crime outweighed the positive behavior he initially exhibited. In reaching this conclusion, the court emphasized that Elliott's actions after his guilty plea "essentially involve the taking of money related to the same type of behavior." The district court was not required to provide a more detailed explanation. *See United States v. Heckel*, 570 F.3d 791, 796-97 (7th Cir. 2009); *United States v. Sykes*, 357 F.3d 672, 674 (7th Cir. 2004).

Additionally, we note that Elliott misreads *Gall v. United States*, 552 U.S. 38, 50 (2007), and *United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005), in contending that the district court erred by not considering his argument concerning § 3E1.1. These decisions having nothing to do with applications of the guidelines. *Gall* and *Cunningham* speak to how a district court should approach arguments about where the ultimate sentence should fall (i.e., within or outside the guidelines range). Elliott's contention that he should receive a reduction for acceptance of responsibility was not an appeal to the district court's exercise of discretion under *United States v. Booker*, 543 U.S. 220, 233 (2005); his contention was addressed entirely to the application of the guidelines themselves. Elliott cites no decision holding that standards developed for evaluating discretionary mitigating or aggravating arguments apply to application issues.

                                                                        AFFIRMED.