In the

# United States Court of Appeals

## For the Seventh Circuit

No. 11-2312

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

CLAYTON HILL,

*Defendant-Appellant,*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 1:09-cr-00325-1—**Robert W. Gettleman**, *Judge.*

ARGUED NOVEMBER 1, 2011—DECIDED JUNE 29, 2012

Before BAUER, FLAUM and SYKES, *Circuit Judges.*

BAUER, *Circuit Judge.* A grand jury indicted defendant-appellant Clayton Hill on one count of conspiracy to defraud the United States in violation of 18 U.S.C. § 286 ("Count 1"), and twenty counts of fraud in connection with identity theft in violation of 18 U.S.C. § 1028(a)(7). Hill pleaded guilty to Count 1 and to one count of fraud in connection with identity theft ("Count 22"). The district court sentenced Hill to 92 months in prison. This appeal followed. We affirm.

## I.  BACKGROUND

Hill, along with his wife and co-defendant Tamara Davidson, devised a scheme to defraud the Internal Revenue Service ("the Government") by filing false tax returns for the tax year 2005. Hill fraudulently used the identities of two of his neighbors, obtained credit cards in their name, and incorporated a tax service business to be run out of his Chicago apartment called "Harding Tax Service." Hill and Davidson then obtained the names, birth dates, and social security numbers of real individuals and, via Harding Tax Service, filed approximately 121 false tax returns for the tax year 2005, amounting to approximately $525,460 in false filings. In total, the Government issued approximately $353,500 in tax refunds. The false filings stated that the taxpayers had applied to receive a refund anticipation loan through Hong Kong and Shanghai Banking Corporation, and upon approval, the funds were then electronically transferred in the amount of each tax refund to a value card which Hill was able to redeem for cash.

## II.  DISCUSSION

Hill maintains that the district court erred when it increased Hill's base offense level by fourteen levels, pursuant to United States Sentencing Guideline ("U.S.S.G.") § 2B1.1(b)(1). We review factual findings for clear error and the interpretation and application of the Sentencing Guidelines de novo. *United States v. Eubanks*, 593 F.3d 645, 649 (7th Cir. 2010).

For a sentence to be properly calculated, the Guidelines require a base offense level be established. If a defendant is convicted of multiple counts involving substantially the same harm, the counts may be grouped together to establish a single base offense level. *United States Sentencing Commission, Guidelines Manual*, § 3D.1.2 (Nov. 2011). To determine the offense level for the group, the offense levels for each count must first be calculated individually. The base offense level of the most serious count is then the base offense level for the group. U.S.S.G. § 3D1.3.

With regard to Count 1, 18 U.S.C. § 286 requires the application of U.S.S.G. §§ 2T1.1 and 2T4.1 when applying a tax loss amount of $525,460. This results in a base offense level of 20. Hill's use of the sophisticated means, as described in § 2T1.1(b)(2), increases the base offense level by two, i.e., an adjusted base offense level of 22.

As to Count 22, the district court correctly calculated the base offense level as follows: 18 U.S.C. § 1028(a)(7) requires the application of U.S.S.G. § 2B1.1(a)(1), resulting in a base offense level of 6. Applying § 2B1.1(b)(1)(H), the intended loss of approximately $525,460 requires a fourteen-level increase. The offense level is further increased by four, based on the number of victims, pursuant to § 2B1.1(b)(2)(B). Finally, an additional increase of two levels for Hill's use of sophisticated means, results in an adjusted offense level of 26.

The combined offense level for the group of Counts 1 and 22 was then correctly determined to be 26, the base offense level for the more serious of the two counts.

A final adjustment was made by decreasing the combined offense level by three, for Hill's timely acceptance of responsibility, resulting in a combined offense level of 23. This combined offense level of 23, together with Hill's criminal history category of VI, resulted in a U.S.S.G. range of 92-115 months in prison. U.S.S.G., Ch. 5, Pt. A, Sentencing Table.

Hill argues, with regard to Count 22, that the district court was mistaken when it increased his offense level by 14 levels based on the intended loss to the Government because the Government was not a victim of Count 22. In the alternative, Hill argues that even if the Government was a victim of Count 22, the loss to the Government was previously addressed in the tax fraud calculation for Count 1. According to Hill, to calculate the loss amount under Count 22 would be to "double count" the loss and improperly elevate the base offense level. We reject both of these arguments.

First, we find that the district court properly determined that the Government was a victim. Section 1028 of Title 18 relates to "[f]raud and related activity in connection with identification documents, authentication features, and information." 18 U.S.C. § 1028. Subsection (a)(7) clearly states that it is a crime to "knowingly transfer[ ], possess[ ], or use[ ] . . . a means of identification of another person with the intent to commit, . . . or in connection with, any unlawful activity that constitutes a violation of Federal law." 18 U.S.C. § 1028(a)(7). The crime here encompasses more than simple identity theft of an individual. By his own admission, Hill's scheme was to

steal the names and social security numbers of individuals for the purpose of misleading and stealing money from the Government. Hill filed approximately $545,460 in fraudulent tax refund claims, and received $353,500 in refunds from the Government. The district court's interpretation of § 1028(a)(7) was correct; Hill's actions violated § 1028(a)(7) and the Government was indeed a victim of both Counts 1 and 22.

Hill's alternative argument regarding his claim of double counting is simply wrong. As we recently held in *United States v. Vizcarra*, "double counting is generally permissible unless the text of the guidelines expressly prohibits it." *United States v. Vizcarra*, 668 F.3d 516, 519 (7th Cir. 2012). *Vizcarra* noted that "[a] structural feature of guidelines sentencing is that distinct aspects of a defendant's conduct will support respective increases in punishment through multiple sentencing enhancements, adjustments, or other determinations specified in the guidelines." *Id*. In the present case, the need to group Counts 1 and 22 is one such example. Here, the statutory basis for Count 1 charged a conspiracy to defraud the Government with respect to claims, and the appropriate Sentencing Guidelines require a calculation of tax loss. Similarly, the statutory basis for Count 22 charged fraud and related activity in connection with identification documents, authentication features, and information; the governing Sentencing Guidelines call for consideration of specific offense characteristics, including the amount of loss to the victims. None of these Sentencing Guidelines is changed by the fact that Hill happened to commit both crimes. As stated, when

multiple counts are grouped to establish one base offense level, each count is calculated separately before the group adopts the offense level of the most serious count. So while Hill's tax fraud was addressed with respect to Count 1 in U.S.S.G. § 2T1.1, the same fraud was also a critical component to Count 22 and U.S.S.G. § 2B1.1. The district court was correct to incorporate it in its calculation.

Hill's final argument is that the district court created an unwarranted sentencing disparity between him and his co-defendant Davidson, who received a sentence of 6 months and 13 days, compared with Hill's 92-month sentence. We review the reasonableness of the district court's sentence for abuse of discretion. *United States v. Favara*, 615 F. 3d 824, 829 (7th Cir. 2010); *United States v. Poetz*, 582 F.3d 835, 837 (7th Cir. 2009). A properly calculated within-Guidelines sentence is presumptively reasonable. *United States v. Jackson*, 547 F.3d 786, 792 (7th Cir. 2008); *see also Rita v. United States*, 127 U.S. 2456, 2462 (2007).

Section 3553 pertains to factors the court should consider when imposing a sentence. Subsection (a)(6) states that there is a "need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Clearly, there is a disparity in Hill's and Davidson's sentences. However, Hill has failed to persuade us that the disparity was unwarranted. Hill had a criminal history category of VI, whereas Davidson had a criminal history category of I, a distinction sig-

nificant enough to warrant disparity. Furthermore, Hill and Davidson engaged in different criminal conduct, all of which occurred under Hill's direction and leadership. The district court sufficiently considered the § 3553 sentencing factors when imposing the sentences, and the fact that the district court imposed a lesser sentence on his co-defendant does not negate the reasonableness of the sentence the court imposed on Hill.

We AFFIRM the district court's sentence.