NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted, May 9, 2013
Decided May 9, 2013

**Before**

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 12-2519

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 11-CR-77-WMC-01 |
| MATTHEW HENDRICKSON, *Defendant-Appellant.* | William M. Conley, *Chief Judge.* |

**O R D E R**

Matthew Hendrickson pleaded guilty to distributing child pornography, 18 U.S.C. § 2252(a)(2), and the district court sentenced him to 144 months' imprisonment. Hendrickson filed a notice of appeal, but his appointed lawyer asserts that the appeal is frivolous and moves to withdraw under *Anders v. California,* 386 U.S. 738, 744 (1967). Hendrickson has not responded to counsel's submission, *see* CIR. R. 51(b), so we confine our review to the potential issues identified in counsel's facially adequate brief, *see United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Hendrickson was arrested for distributing images and videos of minors engaging in sexually explicit conduct through a peer-to-peer file sharing program. The district court,

upon learning that Hendrickson had been receiving sex-offender counseling (in connection with his reported history of visual and auditory hallucinations, depression, and suicidal thoughts), permitted him to continue receiving treatment in lieu of pretrial detention. After Hendrickson entered his guilty plea (but before sentencing), he admitted to his lawyer's forensic psychologist that he had fabricated his psychotic symptoms in his panic in the aftermath of being caught sharing child pornography; he acknowledged hoping to avoid prosecution or secure a lesser sentence by blaming his criminal behavior on voices in his head. Hendrickson subsequently reiterated to a court-appointed psychologist that he lied about experiencing psychotic symptoms to avoid punishment.

Counsel has determined that Hendrickson does not want to challenge his guilty plea, and thus counsel appropriately omits discussion about the adequacy of the plea colloquy and the voluntariness of the plea. *See United States v. Knox,* 287 F.3d 667, 671–72 (7th Cir. 2002).

Counsel first considers whether Hendrickson could argue that the district court should have adjusted his offense level for acceptance of responsibility. At sentencing the district court refused to give Hendrickson credit for acceptance of responsibility, *see* U.S.S.G. § 3E1.1, despite declining the government's request to increase his offense level for obstruction of justice, *see* U.S.S.G. § 3C1.1. We agree with counsel that it would be frivolous to challenge the district court's ruling. Even if a defendant timely pleads guilty, conduct inconsistent with acceptance of responsibility may prevent him from earning a deduction. *See* U.S.S.G. § 3E1.1 cmt. n.3; *United States v. Horn,* 635 F.3d 877, 879 (7th Cir. 2011). For example, a defendant who tries to minimize his culpability is not entitled to a reduction, *see United States v. Munoz,* 610 F.3d 989, 993–94 (7th Cir. 2010), and, as the district court explained, Hendrickson "admitted feigning serious mental health problems to avoid prosecution and sentencing." And though Hendrickson eventually was forthcoming about his mental health, his earlier behavior is incompatible with genuine remorse. *See United States v. Diaz-Gaudarama,* 614 F.3d 387, 391 (7th Cir. 2010); *States v. DeLeon,* 603 F.3d 397, 408 (7th Cir. 2010)*; United States v. McIntosh,* 198 F.3d 995, 999 (7th Cir. 2000).

Counsel next considers whether Hendrickson could argue that the district court imposed an unreasonable sentence. The district court calculated a total offense level of 37 and criminal history of I, yielding a guidelines imprisonment range of 210 to 262 months, subject to the statutory maximum of 240 months. *See* 18 U.S.C. § 2252(b). The court addressed Hendrickson's argument that it should give the child-pornography guidelines less deference because they lack empirical support. But the court disagreed with Hendrickson's argument—as it was entitled to do, *see United States v. Coopman,* 602 F.3d 814, 818 (7th Cir. 2010)—that the guidelines produced an unjustified sentencing range in *this* case. The court ultimately concluded, after weighing Hendrickson's family support,

academic achievements, and mental-health problems against his lies about his psychotic symptoms, the innumerable illicit images found on his computer, and his continued viewing of those images during treatment from a concealed laptop, *see* 18 U.S.C. § 3553(a)(1), (a)(2), that a 144-month sentence was appropriate. This below-guidelines sentence is presumed reasonable, and counsel has not identified any reason to overcome that presumption. *See United States v. Banas*, No. 12-1499, 2013 WL 979109, at *5 (7th Cir. Mar. 14, 2013); *United States v. Noel*, 581 F.3d 490, 500 (7th Cir. 2009).

The motion to withdraw is GRANTED, and the appeal is DISMISSED.