NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued April 18, 2013
Decided August 6, 2013

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 12-3291

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States |
| *Plaintiff-Appellee*, | District Court for the Northern |
| | District of Illinois, Eastern Division. |
| v. | |
| | No. 1:08-cr-01023-5 |
| CARL McMAHAN, | Ronald A. Guzmán, |
| *Defendant-Appellant*. | *Judge*. |

**ORDER**

Carl McMahan was charged with wire fraud in violation of 18 U.S.C. § 1343, for his participation in a mortgage fraud scheme. McMahan pleaded guilty to the charge and was sentenced by the district court to serve an 84-month term of imprisonment, followed by a three-year term of supervised release. On appeal, McMahan argues that the district court

erred in finding that he obstructed justice pursuant to U.S.S.G. § 3C1.1 and was not entitled to acceptance of responsibility credit pursuant to § 3E1.1. We affirm.

From July 2002 until June 2007, Carl McMahan participated in a mortgage fraud scheme along with several co-defendants. McMahan and his co-defendants recruited straw buyers with good credit but insufficient income, to purchase properties as nominee buyers in exchange for payment, knowing that they did not intend to occupy the properties or pay the mortgage obligation. To execute this scheme, the nominee buyers were provided with false employment verifications, false appraisals, false W-2s and pay-stubs to support their mortgage applications. Mortgage lenders sustained losses of approximately $403,000 as a result of four fraudulent transactions attributable to McMahan.

On January 13, 2009, McMahan and his co-defendant girlfriend were each sent target letters by the United States' Attorney's Office. Upon receipt, McMahan called the assigned Assistant U.S. Attorney to inquire about potential charges. On January 16, 2009, a search warrant from a separate state investigation was served on McMahan's home that he shared with his then girlfriend. Following the search, McMahan and his girlfriend fled the state.

On August 19, 2009, McMahan's girlfriend was arrested in Milwaukee, Wisconsin. She initially gave police a false name, but later admitted to her true identity and stated that she and McMahan fled because McMahan knew of the pending investigation against him. McMahan was finally arrested on February 25, 2010, in Cincinnati, Ohio. At the time, he was working as a truck driver under the name Franklin McMahan. After being advised of his *Miranda* rights, McMahan stated that he was aware that he was wanted by the FBI and admitted that he had been on the run, but said that he was now ready to face the charges against him.

McMahan entered a blind guilty plea to one count of wire fraud. His PSR determined his total offense level to be 25: a base offense level of 7; an increase of 14 levels because the loss was greater than $400,000; an increase of 2 levels due to the use of "sophisticated means" in the scheme; and an additional 2-level increase for obstruction of justice based on McMahan's flight from Illinois after learning of the investigation and his evasion of law enforcement for over a year. The probation officer also recommended against any reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 based on McMahan's flight.

At McMahan's sentencing hearing, the district court found the 2-level enhancement for obstruction of justice to be appropriate. The district court explained that McMahan had fled the jurisdiction after being advised he was the target of an investigation and changed his name "for the purpose of being able to continue his life avoiding the prosecution that he faced." The district court declined to grant McMahan a 2-level reduction for acceptance of responsibility; and after considering the § 3553(a) factors, entered a sentence of 84 months, the low end of the 84 to 105 months Guidelines range.

On appeal, McMahan challenges the district court's application of a 2-level increase in his offense level for obstruction of justice, as well as the district court's denial of his request for acceptance of responsibility credit. We review a district court's factual findings in support of a Guidelines enhancement for clear error. *United States v. Dinga*, 609 F.3d 904, 909 (7th Cir. 2010). We will find clear error only if a review of the evidence leaves us firmly convinced that a mistake has been made. *Id*.

First, McMahan asserts that the district court erred in imposing a Sentencing Guidelines enhancement for obstruction of justice. He claims that he "panicked and fled" the jurisdiction and, therefore, his flight should not be deemed obstruction pursuant to § 3C1.1. A review of the record, however, leaves no doubt that McMahan willfully and intentionally fled the state and changed his name for the purpose of avoiding the prosecution he faced in Illinois. McMahan's conduct clearly indicates that he fled Illinois in a "calculated and deliberate plan to evade the authorities where an indictment was imminent." *United States v. Porter*, 145 F.3d 897, 903 (7th Cir. 1998). McMahan's attempt to couch his actions under the guise of "panicked, instinctive flight" fails as his actions (moving to Ohio without his family and using an alias) clearly indicate an attempt to evade law enforcement to avoid prosecution. We, therefore, find no error in the district court's application of a 2-level enhancement for obstruction of justice.

Second, McMahon argues that the district court erred in not awarding him acceptance of responsibility credit. A defendant who receives an obstruction of justice enhancement, ordinarily, has not accepted responsibility for his crime. *United States v. DeLeon*, 603 F.3d 397, 408 (7th Cir. 2010). This assumption can be overcome, however, if exceptional circumstances are present, though it is a rare occurrence. *Id*. (internal citations omitted). Here, McMahan argues that the district court erred when it determined that the facts and circumstances surrounding his guilty plea did not represent an "exceptional case." McMahan seems to believe that he is entitled to credit for acceptance of responsibility merely by pleading guilty. *See* U.S.S.G. § 3E1.1 cmt. n.3.; *United States v. Horn*, 635 F.3d 877,

879 (7th Cir. 2011). While a timely guilty plea is a giant step toward getting the benefit of a reduction, it can be outweighed by conduct inconsistent with acceptance of responsibility. *Horn*, 635 F.3d at 879. (internal citations omitted). The district court determined that the circumstances of McMahan's flight ultimately forfeited his possibility of obtaining acceptance of responsibility credit. We find no error and, accordingly, AFFIRM.