NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 14, 2013
Decided November 20, 2013

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 13-1603

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:12-cr-30144-DRH |
| CARTEZ R. BEARD, *Defendant-Appellant.* | David R. Herndon, *Chief Judge.* |

**O R D E R**

Police officers approached Cartez Beard on the street, and when asked if he was carrying anything illegal, Beard admitted having a gun. That gun was seized, and Beard was charged with possession of a firearm by a felon. *See* 18 U.S.C. § 922(g)(1). He was released on bond but arrested seven weeks later for shooting a woman who was nine months pregnant. Beard pleaded guilty to the § 922(g)(1) charge, but at sentencing, through counsel, he denied shooting the woman. The victim attended the sentencing, however, and she testified that Beard had shot her twice while aiming for the driver of

the car in which she was a passenger. Beard had ambushed them, the woman said, and opened fire on their car. The district court believed the woman and refused to award Beard a reduction for acceptance of responsibility. *See* U.S.S.G. § 3E1.1. The court calculated an imprisonment range of 33 to 41 months but imposed a 96-month term.

Beard filed a notice of appeal, but his appointed attorney asserts that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). Beard opposes counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issues discussed in counsel's facially adequate submission and in Beard's response. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002). Counsel informs us that Beard does not want to challenge his guilty plea, and thus the lawyer appropriately omits discussion about the plea colloquy and the voluntariness of Beard's plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 672 (7th Cir. 2002).

Counsel first discusses whether Beard could argue that the district court erred in denying a reduction for acceptance of responsibility. Counsel explains, and Beard echoes in his Rule 51(b) response, that the defendant insists he was falsely accused of the shooting. The victim lied at sentencing, Beard says, and so the court clearly erred by crediting her testimony to find that he committed a crime while on bond.

We give great deference to a district judge's credibility findings. *United States v. Pabey*, 664 F.3d 1084, 1094 (7th Cir. 2011); *United States v. Pulley*, 601 F.3d 660, 664 (7th Cir. 2010). Although Beard's lawyer tried to discredit the victim, the defendant himself never denied under oath that he was the one who shot her. Indeed, he offered no evidence to contradict her testimony, and when a dispute will be decided based on a preponderance of the evidence—as this one was—a party who shuns the opportunity to present evidence is almost assured of losing. *See United States v. Torres*, 977 F.2d 321, 330 (7th Cir. 1992) (explaining that there was "little reason" to question court's sentence when defendant had opportunity but failed to object to facts underlying upward departure); *United States v. Pinnick*, 47 F.3d 434, 437 (D.C. Cir. 1995) (reasoning that defendant's failure at sentencing to contest facts related to dismissed charges left little doubt that acts had occurred). The district judge was aware that the victim had briefly recanted her prior identification of Beard as the shooter, but the judge was satisfied with the victim's explanation that Beard had sent an intermediary offering $10,000 if she recanted and threatening her if she refused. Based on the victim's testimony, the district court concluded that the government had established by a preponderance that while on bond Beard took to the streets with a gun looking for vengeance against his rival who

had previously assaulted him. The court had discretion to deny a reduction for acceptance of responsibility because Beard did not cease his criminal conduct, *see United States v. Sellers*, 595 F.3d 791, 793 (7th Cir. 2010); *United States v. McDonald*, 22 F.3d 139, 141 (7th Cir. 1994), and any argument to the contrary would be frivolous.

Counsel next discusses whether Beard could assert that his prison sentence is unreasonable because the 96-month term is substantially higher than the range of 33 to 41 months calculated by the district court. We will uphold a sentence above the imprisonment range so long as the district court offered adequate reasons consistent with the statutory factors in 18 U.S.C. § 3553(a). *United States v. Stinefast*, 724 F.3d 925, 932 (7th Cir. 2013); *United States v. Taylor*, 701 F.3d 1166, 1174 (7th Cir. 2012). And as counsel recognizes, the court was permitted to "consider, without limitation, any information concerning the background, character, and conduct of the defendant, unless otherwise prohibited by law." *See* U.S.S.G. § 1B1.4.

In this case the facts found by the district court—that Beard intentionally fired a gun multiple times at a car he knew to be occupied—constituted attempted murder under Illinois law, *see* 720 ILCS 5/8-4, 5/9-1; *People v. Williams*, 649 N.E.2d 397, 403 (Ill. 1995) (stating that intent to kill is element of attempted murder); *People v. Teague*, 986 N.E.2d 149, 155 (Ill. App. Ct. 2013) (explaining that very act of firing gun at person supports conclusion that defendant acted with intent to kill). If Beard had been convicted of attempted murder the court's 96-month sentence would be below the imprisonment range for that offense. For attempted murder, Beard would have incurred a base offense level of 33, *see* U.S.S.G. § 2A2.1(a)(1), and, at a minimum, an upward adjustment for causing serious bodily injury, *see id.* § 2A2.1(b)(1)(B), yielding a total offense level of 35. With his category IV criminal history, Beard's guidelines range would have been 235 to 293 months' imprisonment (though capped by the statutory maximum of 10 years, *see* 18 U.S.C. §§ 922(g)(1), 924(a)(2); U.S.S.G. § 5G1.1(c)(1)). Thus, any challenge to the 96-month sentence would be frivolous.

The motion to withdraw is GRANTED, and the appeal is DISMISSED.