In the

# United States Court of Appeals

## For the Seventh Circuit

———————————

No. 17-1186

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

LADONTA GILL,

*Defendant-Appellant.*

———————————

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 10 CR 673 — **Matthew F. Kennelly**, *Judge.*

———————————

ARGUED FEBRUARY 16, 2018 — DECIDED MAY 3, 2018

———————————

Before WOOD, *Chief Judge*, and KANNE and ROVNER, *Circuit Judges*.

KANNE, *Circuit Judge*. This is Gill's third time appealing his sentence after he pled guilty in 2011 to one count of conspiracy to possess heroin with intent to distribute. Twice before, we have remanded his case for resentencing.

In this appeal, Gill argues he is entitled to yet another resentencing for two reasons. First, he contends that the district

court should have reduced his sentencing guidelines offense level because he accepted responsibility. But the district court did not clearly err when it denied Gill the reduction. Second, Gill insists that the district court created unwarranted sentence disparities between himself and his codefendants. But the district court sufficiently addressed the sentence disparities and explained why Gill was receiving a higher sentence than most of his codefendants. Accordingly, we affirm.

## I. BACKGROUND

The facts relevant to Gill's current conviction are detailed in our two prior opinions, *United States v. Adams*, 746 F.3d 734 (7th Cir. 2014), and *United States v. Gill*, 824 F.3d 653 (7th Cir. 2016). We briefly summarize them here.

Gill was a high-level member of a large heroin distribution operation that was led by Dana Bostic. After Bostic was shot and Bostic's brother was murdered, Gill participated in a retaliatory shooting. In November 2008, in Illinois state court, Gill pled guilty to a charge of aggravated unlawful use of a weapon in connection with that shooting. He was sentenced to three years' imprisonment.

In the fall of 2009, the Chicago Police Department and the Drug Enforcement Administration launched an investigation into Bostic's organization that led to a federal indictment against Gill and a number of the organization's other members. After that indictment, on December 21, 2011, Gill pled guilty to one count of conspiracy to possess heroin with intent to distribute.

At Gill's initial sentencing, the district court calculated Gill's offense level to be 40 and assigned him a criminal history score of III. It sentenced him to a below-guidelines term

of 329 months' imprisonment and ten years' supervised release. Gill appealed, challenging only the district court's application to his offense level of a 2-level enhancement for maintaining a drug premises. We agreed that the enhancement was improper in light of intervening authority and remanded the case. *See Adams*, 746 F.3d at 743–45.

On remand, the district court recalculated Gill's guidelines offense level, removing the 2-level drug premises enhancement and proactively removing another 2-level enhancement in anticipation of a retroactive amendment to the Guidelines. His new offense level was 36. The district court concluded that Gill's criminal history score should remain the same as it was in his first sentencing—III—and Gill did not object. The score was based in part on Gill's prior state conviction for aggravated unlawful use of a weapon. The district court imposed a within-guidelines sentence of 280 months' imprisonment and 10 years' supervised release.

Gill then appealed his second sentence, challenging the district court's use of his prior state conviction to calculate his criminal history score and the district court's failure to make adequate findings when imposing supervised release conditions. We accepted both of his arguments and issued a full remand for resentencing. *See Gill*, 824 F.3d at 659–63.

On the second remand, the district court reduced Gill's criminal history score by removing his prior state conviction for aggravated unlawful use of a weapon. Gill also asked the court to further reduce his offense level because he had accepted responsibility, but the district court denied the reduction because Gill did not turn himself in for ten months after his arrest warrant issued. (Gill had asked for the reduction in his first sentencing hearing, and the district court denied it

then, too.) The court concluded that Gill's offense level should be the same as it was when he was sentenced the second time.

With a new criminal history score of I, an offense level of 36, and a mandatory minimum term of twenty years' imprisonment, Gill's guidelines prison range was exactly 240 months. The district court then sentenced Gill to an above-guidelines prison term of 264 months and imposed 10 years' supervised release. Gill's appeal from this sentence— his third—is before us now.

## II. ANALYSIS

Gill raises two issues in his current appeal. First, he argues that he is entitled to the acceptance of responsibility reduction to his guidelines offense level. Second, he believes that the district court created unwarranted sentence disparities between himself and his codefendants.

The government contends that Gill has waived or, at the very least, forfeited both of these issues.[1] We disagree. Following a full remand, the district court permitted Gill to raise both issues and addressed them, as it had the discretion to do.

---

[1] The government does not raise the law-of-the-case doctrine in this case, though it may have been a more appropriate argument than waiver or forfeiture in circumstances like these. *See United States v. Sumner*, 325 F.3d 884, 891 (7th Cir. 2003) ("[C]hanges in litigation position on successive appeals are barred except where justified by … changed circumstances."). But even if it had (and assuming that the doctrine applies to appeals following a full remand), there appears to be a changed circumstance here: at Gill's third sentencing hearing, he received an above-guidelines prison term for the first time. Moreover, the law-of-the-case doctrine is not a limit on our power to hear an appeal. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988).

*United States v. Lewis*, 842 F.3d 467, 473–74 (7th Cir. 2016). Neither waiver nor forfeiture principles apply when a party appeals an issue that was properly raised and addressed below.

Accordingly, we turn now to the merits of the issues Gill has raised in this appeal, beginning with the acceptance of responsibility reduction.

*A. The district court did not clearly err in denying Gill the acceptance of responsibility reduction.*

The Sentencing Guidelines permit a two-level decrease in a defendant's offense level "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). The trial court is tasked with determining whether a defendant has clearly accepted responsibility, *United States v. Collins*, 796 F.3d 829, 835 (7th Cir. 2015), and its determination "is entitled to 'great deference'" because the sentencing judge "is uniquely positioned to evaluate a defendant's acceptance of responsibility," *id.* at 835–36 (quoting *United States v. Dachman*, 743 F.3d 260 (7th Cir. 2014)).

Here, Gill argues that he was entitled to the reduction "in light of his plea of guilty and extensive disclosures to the government." (Appellant's Br. at 13.) The district court rejected the reduction, though, because Gill did not turn himself in for ten months after his indictment. We review that determination for clear error, *Collins*, 796 F.3d at 835, and we find none.

A defendant is not entitled to an acceptance of responsibility adjustment simply because he enters a timely guilty plea and truthfully admits the offense of conviction. *Id.*; *United States v. Sellers*, 595 F.3d 791, 793 (7th Cir. 2010). Instead, evidence bearing on a defendant's acceptance of responsibility,

like entering a guilty plea, "may be outweighed by other in-compatible acts or statements," *Sellers*, 595 F.3d at 793, like a defendant's failure to surrender voluntarily to authorities promptly after commission of the offense. U.S.S.G. § 3E1.1, cmt. n.1(D), n.3. Here, Gill did not surrender voluntarily to authorities for nearly a year after his arrest warrant issued.

Nonetheless, Gill contends that the district court clearly erred in denying him the reduction, because the court re-duced a codefendant's offense level for accepting responsibil-ity. Indeed, that codefendant similarly avoided authorities for nearly a year, but he also entered into a plea agreement with the government in which he admitted his fugitive status and other relevant conduct (for less severe offenses than the one Gill pled guilty to). Gill, on the other hand, pled guilty by a written plea declaration in which he omitted some relevant information, including the fact of his prior fugitive status. In short, Gill's offense was more severe than his codefendant's, and his written plea declaration was less forthcoming.

The district court was uniquely positioned to determine whether Gill had clearly demonstrated that he accepted re-sponsibility. We are not left with a definite and firm convic-tion that the district court mistakenly concluded that he had not. Thus, Gill is not entitled to be resentenced on this first basis. We turn now to the second.

> B. *The district court adequately explained why it was imposing a sentence on Gill that was higher than his guidelines range and higher than most of his codefendants'.*

The district court correctly calculated Gill's third guide-lines range to be exactly 240 months' imprisonment given his mandatory minimum term of twenty years. The district court

then sentenced Gill to 264 months' imprisonment, an upward departure of 24 months.

Gill argues that his 264-month prison term was disproportionately severe compared to that of his codefendants. Indeed, only Bostic received a greater prison term than Gill (360 months). It's unclear whether Gill believes that the district court procedurally erred by not considering sentence disparities or that it substantively erred by imposing an unreasonably high sentence when compared to those of his codefendants. No matter how we construe his argument, though, he cannot prevail.

We review whether a district court procedurally erred during sentencing *de novo*. *United States v. Brown*, 880 F.3d 399, 404 (7th Cir. 2018). A district court might commit procedural error if it fails to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(6). *See United States v. Prado*, 743 F.3d 248, 251–52 (7th Cir. 2014). But the district court here considered the need to avoid unwarranted sentence disparities. A review of the sentencing transcript reveals that Gill raised his disparity argument to the court and the court spent time addressing it. (*See* R. 1009 at 24, 40–43.) Thus, we find no procedural error.

We review the substantive reasonableness of a sentence for an abuse of discretion, considering "the sentencing court's explanation of its reasons for imposing a particular sentence." *United States v. Carter*, 538 F.3d 784, 789 (7th Cir. 2008). We uphold an above-guidelines sentence if "the district court offered an adequate statement of its reasons, consistent with 18 U.S.C. § 3553(a), for imposing [the] sentence." *United States v. Aldridge*, 642 F.3d 537, 544 (7th Cir. 2011). As noted above, the

district court addressed each of the issues Gill believed created unwarranted sentence disparities.[2] Moreover, when it handed down its sentence, the district court indicated why it was imposing an above-guidelines sentence: Gill's history of crime, violence, gun possession, and recidivism. (R. 1009 at 51.) The district court provided a more than adequate statement of its reasons when imposing Gill's sentence. "[T]he fact that the district court imposed a lesser sentence on his co-defendant[s] does not negate the reasonableness of the sentence the court imposed on [Gill]." *United States v. Hill*, 683 F.3d 867, 871 (7th Cir. 2012).

### III. CONCLUSION

Given that the district court did not clearly err in denying Gill a reduction for accepting responsibility, and that it adequately explained why Gill was receiving an above-guidelines sentence in the face of lower sentences for many of his codefendants, the judgment of the district court is AFFIRMED.

---

[2] To the extent that Gill believes the presence of a Section 851 enhancement in his case created an unwarranted disparity because the government dismissed it for other defendants but not for Gill, that disparity was created by the prosecutor, not the court. *Cf. United States v. Scott*, 631 F.3d 401, 404–06 (7th Cir. 2011) (noting that the government's decision to dismiss all charges against a coconspirator did not create a sentence disparity issue that the court needed to consider).