**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Mark K. FULLER, Defendant–Appellant.**

**No. 93–2061.**

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 2, 1993.

Decided Jan. 28, 1994.

Timothy O'Shea, Office of U.S. Atty., Madison, WI (argued), for plaintiff-appellee.

Jenny Armstrong, Armstrong Law Offices, Madison, WI (argued), for defendant-appellant.

Before WOOD, Jr., CUDAHY and MANION, Circuit Judges.

HARLINGTON WOOD, Jr., Circuit Judge.

Defendant Mark K. Fuller operated a business out of his Baraboo, Wisconsin home, Alpine Companies International, through which he claimed to be able to secure loans from wealthy investors for his clients. Fuller attracted clients through an advertisement in the *Wall Street Journal,* and to those responding Fuller sent materials overstating the financial strength of his business and misrepresenting his personal qualifications. Relying on those materials and Fuller's promise to secure loans, on July 24, 1990, an unsuspecting applicant mailed Fuller $5000, and seven days later another applicant wired Fuller $750. The loans, however, never materialized.

In connection with these activities, on July 31, 1991, a federal grand jury sitting in Madison, Wisconsin returned a two count indictment charging Fuller with mail fraud in violation of 18 U.S.C. § 1341, and with wire fraud in violation of 18 U.S.C. § 1343. Fuller was arraigned on October 20, 1992, and pled not guilty to both counts. Claiming that Fuller suffered from Bipolar Disorder, the modern term for a manic-depressive personality, on November 2, 1992, defense counsel moved that Fuller undergo a psychiatric evaluation. Eleven days later the district court granted the motion.

Clinical psychologist William T. Bickart examined Fuller, and in a report submitted to the district court on February 4, 1993, concluded that Fuller was competent to stand trial.[1] The following week, at a status conference before the magistrate judge concerning Fuller's competency defense counsel waived a hearing on the issues based on the psychological evaluation. Instead, defense counsel informed the magistrate judge that a plea agreement was imminent, and the magistrate judge scheduled a change of plea hearing for February 19, 1993.

At the change of plea hearing, the United States Attorney submitted the signed plea agreement to the district court. The district court instructed Fuller to answer all questions truthfully, and not merely to agree with the court. The district court then engaged Fuller in a colloquy pursuant to Rule 11 of the Federal Rules of Criminal Procedure. During the questioning, Fuller stated that he was taking the drug Nortriptyline as part of the ongoing treatment of his depression. Upon further questioning, however, Fuller maintained that the medication did not affect his ability to understand the proceedings,

---

1. The report stated in part:

With regard to Mr. Fuller's suggestion that he suffers from Bipolar Disorder, the historical evidence for this condition is not strong. His self-reported symptoms clearly indicate that any episodes of elevated mood do not assume psychotic proportions, and militate against the diagnosis of Bipolar Disorder.

The defendant's mental status is not suggestive of any current major mental illness; any symptoms of depression are currently in remission due to treatment with antidepressant medication.

Mr. Fuller's condition appears to have responded to treatment with antidepressant medication. It is my expectation that if he continues to receive this treatment, there should be little change in his psychiatric status.

Mr. Fuller is capable of providing an accurate and thorough description of criminal trial procedure. He can describe the roles of the major figures in the criminal trial process. He is aware of the meaning of such concepts as plea bargaining, cross-examination, and the right to remain silent. . . .

In response to the court order, it is the opinion of the undersigned examiner that Mr. Fuller does not suffer from any mental disease or defect which affects his ability to understand the proceedings against him or assist counsel in his defense. In the examiner's opinion, the preponderance of the summarized evidence indicates that Mr. Fuller is competent to stand trial.

and that he was not "under the influence" of any drug, medication, or alcoholic beverage. Fuller pled guilty to the mail fraud count, and the district court accepted the plea, scheduling sentencing for April 19, 1993.

On March 16, 1993, Fuller changed his mind regarding the guilty plea. Fuller wrote one letter to United States Probation and Parole Officer Helen Raatz, and another to the district court. In both letters Fuller stated that his desire to withdraw his plea was based on information from Officer Raatz that his prison sentence likely would be substantially longer than he had anticipated. The next day Fuller wrote a similar letter to the Clerk of Court for the Western District of Wisconsin. The district court treated the letter Fuller sent it as a motion to withdraw his plea, and scheduled argument for April 19, the same day as sentencing.

At the hearing on the motion to withdraw the plea, defense counsel argued that Fuller was incompetent when he pled guilty. Defense counsel based that assertion on the Bipolar Disorder and other personality problems from which Fuller purportedly suffered, and claimed that Fuller's vacillation regarding whether he would move to withdraw his guilty plea demonstrated his incompetence. Nevertheless, at the hearing Fuller took the stand and testified about his business, associates, and efforts he undertook on behalf of his clients. Further, Fuller provided detailed accounts of several transactions, and on cross-examination answered questions and identified documents related to his business. Fuller insisted that he spent the advance fees on travel and expenses, denying that his activities were fraudulent.

The district court held that Fuller had been competent when he entered his guilty plea, and therefore refused to allow Fuller to withdraw the plea. The court then sentenced Fuller to 41 months of imprisonment and three years of supervised release, as well as requiring Fuller to pay $24,670 in restitution to his victims and a $50 criminal assess-

ment penalty to the Clerk of Courts. The court reached that result based on the following: 1) a base offense level of six for mail fraud, pursuant to U.S.S.G. § 2F1.1(a); 2) a four point increase under U.S.S.G. § 2F1.1(b)(1)(E) because the offense involved between twenty- and forty-thousand dollars; 3) a two point increase under U.S.S.G. § 2F1.1(b)(2) because the offense involved more than minimal planning and defrauding more than one victim; 4) a two point increase pursuant to U.S.S.G. § 3B1.3 because Fuller abused a position of trust; and 5) an increase in Fuller's criminal history category from IV to V under U.S.S.G. § 4A1.3 because the guideline range failed to reflect Fuller's prior criminal conduct and the possibility that he would commit further crimes. Additionally, the district court rejected a two-point reduction in sentence for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 because of Fuller's "frivolous" motion to withdraw his plea and because Fuller testified that he believed that he had committed no fraud.

On April 20, 1993, the district court issued a written order adjudging Fuller competent and denying Fuller's motion to withdraw his guilty plea. Nine days later, Fuller filed his notice of appeal. Fuller raised five issues, which we address in turn.

### A.

■ Fuller first argues that the district court erred in failing to move *sua sponte* for a hearing regarding his competency to plead guilty pursuant to 18 U.S.C. § 4241(a).[2] This argument is wholly without merit. Under Section 4241(a), the district court was required to order a competency hearing *sua sponte* for Fuller only if there existed reasonable cause to believe that Fuller was unable to assist properly in his defense or was incapable of understanding the consequences or nature of the proceedings against him. *Id.; see also United States v. Collins,* 949 F.2d 921, 924 (7th Cir.1991).

---

**2.** In his brief, Fuller also claimed that the magistrate judge committed error in failing to move *sua sponte* for a competency hearing. It is well settled, however, that this court has no jurisdiction to review the decision of a magistrate judge on direct appeal—we have jurisdiction only over final decisions of district courts, and the decision of a magistrate judge becomes final and therefore appealable only when adopted by the district court. 18 U.S.C. § 1291; *see also United States v. Ecker,* 923 F.2d 7, 8 (1st Cir.1991).

■ The district court had no reasonable cause to believe that Fuller was incompetent. At the conference before the magistrate judge to determine whether Fuller desired a competency hearing, defense counsel waived such a hearing and informed the magistrate judge that Fuller was prepared to plead guilty. Independently of Fuller's waiver, the district court examined and agreed with the report in which Dr. Bickart, the clinical psychologist who evaluated Fuller, concluded that Fuller was competent. The bulk of the evidence before the district court suggested that Fuller was competent—the only exception being Fuller's self-serving eleventh-hour incompetence argument made on the day of sentencing. The district court had no reasonable cause to doubt Fuller's competence, and therefore it committed no error in failing to order *sua sponte* a competency hearing.

### B.

■ Fuller next argues that the district court erred by denying his motion to withdraw his guilty plea. We ordinarily judge this issue by determining whether the district court abused its discretion in concluding that no fair and just reason existed justifying the request for withdrawal. Fed.R.Crim.P. 32(d); *United States v. Price*, 988 F.2d 712, 716–17 (7th Cir.1993). In this case, however, Fuller's request is grounded solely on his mental incompetence. The district court specifically adjudged Fuller to be competent, and we will overturn that determination only if it is clearly erroneous. *Collins*, 949 F.2d at 924. Fuller must establish that at the time of his plea the impairment of his mental faculties made him incapable of fully under-

standing the charges against him, his constitutional rights, and the consequences of his plea. *United States v. Teller*, 762 F.2d 569, 574 (7th Cir.1985).

■ Fuller cannot meet that burden. Although Fuller did have a history of depression, he was undergoing apparently effective treatment for his condition, and testified under oath that he did not feel impaired by the medication.[3] Additionally, the only vacillation Fuller underwent regarding his plea took place after entering his plea—no evidence of any indecision exists as of the time Fuller entered his plea.[4] The district court did not abuse its discretion in concluding that Fuller was competent at the time he entered his guilty plea, and that no fair and just reason existed that justified withdrawal of the plea.

### C.

■ Thirdly, Fuller contends that the district court erred in denying Fuller a two-point reduction in his sentence for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. Whether a defendant has accepted responsibility is a question of fact, and we will alter the determination of the district court on that point only if it is clearly erroneous. 18 U.S.C. § 3742(e); *United States v. Boyle*, 10 F.3d 485, 490 (7th Cir.1993); *United States v. Skinner*, 986 F.2d 1091, 1100 (7th Cir.1993). As the defendant, Fuller had the burden of proof to prove that he deserves a reduction for acceptance of responsibility. *Boyle*, 10 F.3d at 490; *Skinner*, 986 F.2d at 1100. We agree with the district court that

---

**3.** Fuller told the court that he was taking Nortriptyline but that it did not affect his ability to understand the proceedings, and that he was not "under the influence" of any drugs, alcohol, or medication. Fuller now contends that those responses are contradictory, demonstrating his incompetence. We disagree.

The phrase "under the influence" in common parlance suggests impairment of mental or physical abilities. For example, a person can be guilty of driving "under the influence" of alcohol only if the person's blood-alcohol level has reached the proscribed percentage associated with impairment of functions. Rather than engaging in a literalistic exchange with the district court, Fuller seemed to understand what the district

court meant by "under the influence"—evidence of his competence, not incompetence.

**4.** In fact, even after Fuller entered his plea Fuller seemed anything but incompetent. On the day of sentencing, for example, Fuller testified at length and in detail about his business dealings and articulately answered questions on cross-examination. Additionally, in his letters regarding his decision to withdraw his guilty plea, Fuller vented his anger in his letter to Probation Officer Raatz, but was very deferential in his letter to the district court. This indicates that Fuller could control his emotions when doing so served him, not that he was out of control, as Fuller suggests on appeal.

Fuller wasn't "even in hailing distance" in meeting this burden.

■ . As the district court noted, Fuller wrote a letter to the district court expressing a desire to withdraw his guilty plea. Fuller told the court that he wanted to withdraw the plea because he had anticipated a substantially shorter sentence. Additionally, the district court concluded that Fuller was feigning incompetence. These factors support the determination of the district court that Fuller failed to accept responsibility for his actions, and that decision was not clearly erroneous. *See, e.g., Price,* 988 F.2d at 722 (defendant's "belated attempt to withdraw his guilty plea is grounds for denial of reduction for acceptance of responsibility.").

Oddly, Fuller himself never isolates how he accepted responsibility. Fuller's brief argues that the district court's analysis was lacking because it failed to take into account that Fuller was incompetent.[5] Fuller points to no actual instances of his acceptance of responsibility, but merely rehashes his incompetence argument. The district court adjudged Fuller competent, a decision we affirm for reasons explained earlier in this opinion, and it therefore committed no error in denying Fuller a two-point reduction for acceptance of responsibility.

### D.

■ Fuller next argues that the district court abused its discretion in sentencing him at the top of the guideline range. The district court need only accurately determine the sentencing range and articulate a reason for the sentence it imposes. 18 U.S.C. § 3742(f); *United States v. Wagner,* 996 F.2d 906, 915 (7th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 720, 126 L.Ed.2d 685 (1994). Fuller challenges the latter of those two requirements, asserting that the district court expressed no reasons for imposing such a high sentence.

■ Fuller's argument, however, is not grounded in fact. The district court conclud-

ed that Fuller is a con man who had been preying on people in desperate need of financial assistance for years, and that he had even tried to swindle his own father. The district court sentenced Fuller at the top of the guideline range because of "the number of victims, the defendant's lack of contrition, and the number of years he has committed similar misconduct." This is an adequate articulation of a reason for imposing a sentence at the top of the guideline range, and the district court therefore committed no error. *See id.* at 915–16.

### E.

■ Finally, Fuller argues that the district court abused its discretion in using his prior arrest record to justify adding three points to his criminal history category. The United States Sentencing Guidelines allow district courts to depart upwards from the applicable guideline range based on the seriousness of past criminal conduct or the likelihood of future criminal conduct. U.S.S.G. § 4A1.3. Specifically, Section 4A1.3(d) allows district courts to factor in the existence of pending cases in the trial or sentencing stages. U.S.S.G. § 4A1.3(d). In determining whether to depart upwards under Section 4A1.3, district courts may not rely on defendants' prior arrest records, *id.,* but rather must rely on the facts underlying the arrests, *Williams v. United States,* —— U.S. ——, ——, 112 S.Ct. 1112, 1119, 117 L.Ed.2d 341 (1992).

■ Fuller contends that the district court departed upwards based on pending charges against Fuller in Dane County, Wisconsin, and McHenry County, Illinois, based on similar misconduct. The court assigned one point to the Dane County case and two points to the McHenry County cases, resulting in a Criminal History Category of V. *See* U.S.S.G. § 5A (sentencing table). Although the district court did examine the Dane County and McHenry County prosecutions pursuant to Section 4A1.3, it relied on the presentence report, not Fuller's arrest record. The presentence report indicated that Fuller planned to plead guilty to the

---

5. How Fuller could have been incompetent and yet accepted responsibility for his acts eludes us. Nevertheless, whether such a state of affairs is possible is irrelevant in this case, as the district

court neither erred in concluding that Fuller was competent nor in finding that Fuller failed to accept responsibility for his actions.

McHenry County offenses after being sentenced in the Western District of Wisconsin. The district court imposed the additional points because if "sentencing in the McHenry County case would have occurred prior to sentencing in this case, three additional criminal history points would have been assessed, resulting in a Criminal History Category of V."

We need not discuss whether the district court properly assigned one point to the Dane County case. The McHenry County charges alone were sufficient to justify a three-point upward departure. *See* U.S.S.G. § 4A1.3; *see also* U.S.S.G. § 4A1.1(a).[6] The district court articulated the McHenry County cases as a reason to depart upwards, and an upward departure is reasonable in light of those charges. *See United States v. Gammon,* 961 F.2d 103, 109 (7th Cir.1992); *see also Williams,* —— U.S. at ——, 112 S.Ct. at 1120. Thus, the district court properly departed upwards based on Fuller's criminal history.

For the forgoing reasons, the decision of the district court is

AFFIRMED.

---

6. Given that Section 4A1.1(a) calls for adding three points for each prior sentence of imprisonment exceeding thirteen months, and given that Fuller plans to plead guilty to a charge meeting the Section 4A1.1(a) threshold, the district court could have looked for guidance to Section 4A1.1(a) in deciding how many points to add when departing upwards based on a pending trial or sentencing pursuant to Section 4A1.3.