NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 7, 2008
Decided July 7, 2008

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 07-2578

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of |
| | Illinois, Eastern Division. |
| v. | |
| | No. 03-CR-611 |
| JOSEPH JAIME VAZQUEZ-ORTERO, | |
| *Defendant-Appellant.* | John W. Darrah, |
| | *Judge.* |

**O R D E R**

Joseph Vazquez-Otero pleaded guilty to conspiring to sell cocaine, *see* 21 U.S.C. §§ 846, 841(a)(1), and the district court sentenced him to 248 months' imprisonment. As part of a written plea agreement, Vazquez-Otero waived his right to appeal his sentence. Nonetheless, Vazquez-Otero filed a notice of appeal. His appointed counsel now moves to withdraw because he cannot discern a nonfrivolous basis for appeal. *See Anders v. California*, 386 U.S. 738 (1967). We invited Vazquez-Otero to comment on counsel's motion, *see* CIR. R. 51(b), which he has done. We review the potential issues identified by Vazquez-

Otero as well as those identified in counsel's facially adequate brief.  *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Vazquez-Otero and his confederates were dealing substantial amounts of cocaine. As part of his plea agreement, Vazquez-Otero stipulated that he was responsible for at least 150 kilograms, which triggered a base offense level of 38.  *See* U.S.S.G. § 2D1.1(c)(1). Vazquez-Otero also stipulated that he had three—and only three—criminal history points arising from a 1988 conviction under § 841(a)(1).  Those stipulations, after factoring in a three-level reduction for acceptance of responsibility, *see* U.S.S.G. § 3E1.1, would have yielded an imprisonment range of 188 to 235 months, *see id.* ch. 5, pt. A.

In fact, however, Vazquez-Otero had two prior convictions under § 841(a)(1), leading the probation officer to conclude that he was a career offender, *see* U.S.S.G. § 4B1.1, and that he faced a range of 292 to 365 months.  After Vazquez-Otero saw the probation officer's calculations, he personally wrote the district court claiming that he lied about various matters during the plea colloquy and seeking to withdraw his guilty plea.  Then, with the assistance of a new lawyer (his fourth) Vazquez-Otero moved to withdraw his guilty plea, claiming that it was involuntary.  Vazquez-Otero asserted that his previous lawyer had failed to explain the plea agreement and threatened him with life imprisonment if he did not plead guilty.  And, he asserted, he was "disoriented" by prescription medications during the plea colloquy.  The district court summarily denied his motion.  At sentencing the government moved for a below-range sentence on the basis of Vazquez-Otero's cooperation, *see* U.S.S.G. § 5K1.1, and as both parties had agreed in writing, the court imposed a prison term at 85% of the low end of the range, or 248 months.

In his *Anders* brief, appellate counsel (now the fifth lawyer) first considers whether Vazquez-Ortero might argue that the district judge did not fully comply with Federal Rule of Criminal Procedure 11(b) before accepting his guilty plea.  Counsel properly addresses this potential argument because Vazquez-Ortero wants his guilty plea set aside.  *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

We readily agree with counsel that any challenge to the plea colloquy would be frivolous.  The colloquy was extensive, and the judge complied with all but two technical requirements of Rule 11:  first, the court failed to inform Vazquez-Ortero that he had the right to counsel, and, second, the court did not explicitly inform Vazquez-Ortero that he had the right to plead not guilty.  *See* FED. R. CRIM. P. 11(b)(1)(D), (b)(1)(B).  Neither omission, however, undermined Vazquez-Ortero's ability to understand his rights or to enter a voluntary guilty plea.  He obviously knew about his right to counsel because a retained lawyer was with him during the colloquy, *see United States v. Lovett*, 844 F.2d 487,

491-92 (7th Cir. 1988), and since the very purpose of the colloquy was to *change* his plea from not guilty to guilty, he also knew that pleading guilty was optional, *see Knox*, 287 F.3d at 670.

Counsel next considers whether Vazquez-Ortero could argue that the district court abused its discretion by refusing to let him to withdraw his guilty plea. *See United States v. Chavers*, 515 F.3d 722, 724 (7th Cir. 2008). When a defendant moves to withdraw a plea before sentencing, the district court may allow him to do so if he has a "fair and just reason." *Id.* Vazquez-Ortero had the burden of demonstrating a fair and just reason to withdraw his plea, and the statements he made during his plea colloquy are accorded a presumption of verity. *United States v. Bennett*, 322 F.3d 1094, 1099 (7th Cir. 2003). Because Vazquez-Ortero received a thorough Rule 11 colloquy, he would face an "uphill battle" if he was to challenge the district court's refusal to let him withdraw his plea. *Id.*

We agree with counsel that an argument challenging the district court's refusal to allow Vazquez-Ortero to withdraw his guilty plea would be frivolous. Vazquez-Ortero's assertions about his lawyer's performance as well as his allegations that he was disoriented by prescription drugs are directly refuted by his own sworn statements during the plea colloquy. The district court engaged Vazquez-Ortero in a lengthy inquiry regarding the knowing and voluntary nature of his plea, and asked him directly whether he had discussed the plea agreement with his lawyer, whether anyone had threatened him, and whether he had taken any medication that day. Vazquez-Ortero gave clear answers to all of these questions, and nothing in the record rebuts the presumption of verity granted to his statements. *See United States v. Walker*, 447 F.3d 999, 1004-05 (7th Cir. 2006).

Consequently, the other potential arguments framed by counsel and Vazquez-Ortero, all of which concern sentencing, are necessarily frivolous because of the appeal waiver. A waiver of appeal is binding if it was knowing and voluntary, and if the guilty plea itself was knowing and voluntary, so too was the waiver. *Nunez v. United States*, 495 F.3d 544, 545-46 (7th Cir. 2007); *United States v. Williams*, 184 F.3d 666, 668 (7th Cir. 1999); *United State v. Wegner*, 58 F.3d 280, 282 (7th Cir. 1995).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.