In the

# United States Court of Appeals

## For the Seventh Circuit

No. 14-3427

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ADRIAN COLLINS,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Western District of Wisconsin.
No. 13-cr-13-bbc — **Barbara B. Crabb**, *Judge.*

ARGUED APRIL 23, 2015 — DECIDED AUGUST 11, 2015

Before BAUER and SYKES, *Circuit Judges*, and REAGAN, *Chief District Court Judge.*[*]

REAGAN, *Chief District Judge*. In 2014, Adrian Collins pled guilty to one count of cocaine distribution and was sentenced to 96 months' imprisonment. In this direct appeal

---

[*] Of the Southern District of Illinois, sitting by designation.

from his conviction and sentence, Collins raises five[1] issues: three stemming from attempts to withdraw his plea, one challenging the district court's decision to withhold an acceptance of responsibility reduction, and one hinting that his sentence was unreasonable.

We affirm. The district judge made no clear error in concluding withdrawal of Collins' plea was unwarranted, or in finding Collins did not qualify for an acceptance of responsibility adjustment. Collins waived any attack on the reasonableness of his sentence.

## I. Background

In early 2009, Adrian Collins was on federal supervised release when he and a co-defendant attempted to buy cocaine and marijuana from an undercover officer. Authorities arrested both men, and Collins gave a statement to officers. Collins told them about his recent drug trafficking history, which included "wholesale" (up to a kilogram of cocaine, up to 30 pounds of marijuana) purchases in Illinois and "retail" distribution in Wisconsin. Collins' supervised release was revoked, and he served a 27-month term on the revocation. Based on the same 2009 offense, a grand jury indicted him in January 2013.

Collins was arraigned in March 2013 and entered a not guilty plea to the two-count indictment. On July 1, 2013, he signed a plea agreement, agreeing to plead guilty to Count One (cocaine possession with intent to deliver). In exchange, the Government agreed to dismiss Count Two (marijuana

---

[1] During oral argument, counsel clarified that Collins cedes a sixth issue (concerning time served on his supervised release revocation) enumerated in his brief.

possession with intent to deliver) and to recommend the maximum available reduction for acceptance of responsibility—unless Collins engaged in conduct inconsistent with his acceptance of responsibility.

Collins said he had health problems that prevented court appearances, so his change of plea hearing was not held until May 2014. At that time he appeared in a wheelchair and was accompanied by a woman he claimed was his nurse. In reality, it was his fiancée, using a fake name; she was neither a nurse nor nurse's aide.

The plea colloquy was thorough. Under oath, Collins acknowledged he could understand the district court: that he was not "ill, … on medication, … very tired, or … under the influence of any drugs or alcohol." Defense counsel acknowledged he knew of no reason the judge should not question Collins. Collins agreed with the Government's representation of the plea agreement, and swore he had enough time to talk with his lawyer about the charges against him. He told the judge: "I attempted to purchase with another individual controlled substances." When asked, Collins acknowledged he intended to buy cocaine on February 13, 2009, and that the Government could prove each element of its case. Finally, Collins swore he understood the maximum penalties and the constitutional rights given up by pleading guilty. The district judge accepted the guilty plea, finding Collins entered it "knowingly, understandingly and voluntarily after an adequate opportunity to consult with" his lawyer.

U.S. Probation filed several iterations of the Presentence Investigation Report ("PSR"), all of them recommending against an acceptance of responsibility reduction because

drugs had been found at Collins' residence while he was on bond. Collins got cold feet regarding his guilty plea. His attorney, citing Collins' wish to withdraw his plea, withdrew from the case, and the district court appointed new counsel. Sentencing was postponed, and Collins moved to withdraw his guilty plea. By affidavit, Collins swore he had been under the influence of drugs during his plea colloquy and that he had not had sufficient time to discuss his case with counsel before entering the plea. Without a hearing, the district judge denied the motion because Collins' new averments contradicted his sworn statements during his plea hearing. Sentencing was again postponed.

Undaunted, and two days before the new sentencing date, Collins filed a second motion to withdraw his plea, plus a motion to continue so as to develop that motion. The motion to withdraw, premised on Collins' first counsel's purported failures to discuss the case with him, was accompanied by an unsworn affidavit. The district court found Collins had a "demonstrated lack of credibility,"[2] and that his new allegations—all of them contradicted by Collins' sworn statements at the plea hearing—were so flimsy that neither a continuance nor withdrawal of Collins' plea were justified.

_____

[2] During sentencing, the district court called Collins "probably one of the most, if not the most self-centered person I've ever addressed in this courtroom," and deemed his behavior "outrageous, inconsiderate and totally selfish." Highlighting the fact that Collins' professed health problems (which caused much delay in the proceedings below) completely contradicted his record of making weekly trips to a bail monitoring program, the judge concluded: "[Y]ou, I'm sure, enjoyed pulling the wool over everyone's eyes."

At sentencing, the district court found Collins unentitled to a reduction for acceptance of responsibility for two reasons. First, there was evidence he engaged in continuing criminal conduct after his guilty plea. Even absent that evidence, the court found Collins' "continued efforts to withdraw his guilty plea are evidence that he has not accepted responsibility for his criminal conduct." Because the second reason was an independent basis for refusing the adjustment, the judge took no evidence from a defense witness prepared to testify about Collins' on-bond (and purportedly criminal) conduct.

On the parties' joint motion, the district court benefitted Collins by taking into account the (not yet enacted and commonly referred to as "drugs minus two") drug quantity adjustment promulgated by the Sentencing Commission. The district court calculated Collins' Guidelines Range as 77 to 96 months, and imposed a within-range sentence of 96 months' imprisonment.

## II. Analysis

On appeal, Collins challenges the denial of his motions to withdraw his guilty plea (and the concomitant refusal of an extension of time), the withholding of credit for acceptance of responsibility, and the imposition of a 96-month sentence. We conclude the district court did not clearly err in finding Collins unentitled to a plea withdrawal, or in finding Collins failed to express acceptance of responsibility for his crime. Collins' final issue on appeal—that the district judge abused her discretion in sentencing him to 96 months—is so undeveloped as to be waived.

### *1. Motions to Withdraw Plea / Continue Sentencing*

We review denial of a defendant's motion to withdraw a guilty plea for abuse of discretion. *United States v. Fard*, 775 F.3d 939, 943 (7th Cir. 2015). Factual findings as to whether a defendant had a "fair and just" reason to withdraw a plea are upheld unless they are clearly erroneous. *Id.* The same standard applies in reviewing the decision not to hold an evidentiary hearing on the matter. *United States v. Trussel*, 961 F.2d 685, 690 (7th Cir. 1992).

A defendant has no absolute right to withdraw a guilty plea before sentencing. *Fard*, 775 F.3d at 943; *United States v. Pike*, 211 F.3d 385, 389 (7th Cir. 2000). If a defendant has a "fair and just" reason, a court may allow him to withdraw the plea. *Fard*, 775 F.3d at 943; Fed. R. Crim. P. 11(d)(2)(B). But the defendant bears a heavy burden of persuasion in showing such a reason exists. *United States v. Chavers*, 515 F.3d 722, 724 (7th Cir. 2008).

The entry of a plea is not a meaningless act. *United States v. Ellison*, 798 F.2d 1102, 1106 (7th Cir. 1986). When a defendant makes representations at a plea hearing, those representations are entitled to a presumption of verity. *Chavers*, 515 F.3d at 724; *Pike*, 211 F.3d at 389. A defendant presenting a reason for withdrawal that contradicts answers he gave at the plea hearing faces an "uphill battle." *United States v. Patterson*, 576 F.3d 431, 437 (7th Cir. 2009); *United States v. Groll*, 992 F.2d 755, 758 (7th Cir. 1993).

Moving to withdraw the plea does not entitle a defendant to a hearing. If a motion is premised on defendant's untruthfulness during plea proceedings, a court may (unless the defendant has a compelling explanation) reject that mo-

tion out of hand. *United States v. Peterson*, 414 F.3d 825, 827 (7th Cir. 2005). Whether to hold a hearing on the plea's validity is a matter left to the trial court's sound discretion. *United States v. Jones*, 381 F.3d 615, 618 (7th Cir. 2004). If no substantial evidence is offered, or if the allegations advanced in support of the motion are conclusory or unreliable, the motion may be summarily denied. *Jones*, 381 F.3d at 618.

Collins' sworn statements at his Rule 11 hearing doom his efforts here. As appellate counsel conceded, the attestations supporting both of Collins' motions to withdraw directly contradicted his testimony at that hearing. Both Collins' statements to police and his plea agreement—signed almost a year before he filed motions to withdraw the plea—likewise contradict the notion he was anything but guilty.

As to the first motion, Collins claimed he was influenced by drugs during his plea hearing and that his time to consult with counsel had been insufficient. Those claims mirror the facts in *U.S. v. Vazquez-Ortero*, a case we find persuasive here. Though he testified otherwise during his change-of-plea, Vazquez-Ortero later asserted he was disoriented by prescription medication and that his lawyer failed to explain the plea agreement. *Vazquez-Ortero*, 285 F. App'x 281, 283 (7th Cir. 2008). The district court summarily denied the motion, and this Court—because of the presumption of verity given to Vazquez-Ortero's contrary, sworn statements—held any appeal based on withdrawing that plea would be frivolous. *Id.* at 283–84. *See also United States v. Harris-Thompson*, 751 F.3d 590, 603 (8th Cir. 2014) (claim defendant was under the influence of drugs and alcohol not a "fair and just" reason to withdraw plea when it contradicted plea agreement, statements at time of arrest, and testimony during plea hearing).

*Vazquez-Ortero* is the best factual analog to the instant case, but a long line of legal reasoning supports our result. At a plea hearing, it is the district judge who observes a defendant's appearance, demeanor, and tone of voice. *U.S. v. Walker*, 447 F.3d 999, 1005 (7th Cir. 2006). Crediting the judge's impressions over a defendant's subsequent "bare protestations," *Chavers*, 515 F.3d at 725, prevents the entry of a plea from being "some empty ceremony," a mere "trifle[] that defendants may elect to disregard," *United States v. Stewart*, 198 F.3d 984, 987 (7th Cir. 1999). That is why a denial of guilt that contradicts a defendant's testimony does not establish a fair and just reason to withdraw a plea. *Chavers*, 515 F.3d at 725 (citing *U.S. v. Carroll*, 412 F.3d 787, 792 (7th Cir. 2005)). The district court treated Collins' sworn, freely given statements as conclusive. Accordingly, Collins has "no chance of success on appeal." *Stewart*, 198 F.3d at 987. "[T]he game is over." *Id.*

Collins' second motion to withdraw was less convincing than the first. His statement that his first counsel had failed to discuss the case with him was unsworn, and the district judge in any event found his behavior (*e.g.*, pretending his fiancée was a nurse) had established a "demonstrated lack of credibility." We give great deference to such factual findings, and see no reason to disturb them here. Once a proper Rule 11 colloquy has taken place, the "'fair and just' … escape hatch is narrow." *United States v. Mays*, 593 F.3d 603, 607 (7th Cir. 2010). The propriety of the plea colloquy is unchallenged here, and Collins cannot squeeze through that hatch.

In short, it was not clear error for the district court to find that Collins' plea was knowing, voluntary, and untainted by drugs. She acted within her discretion in twice holding that

Collins had no fair and just reason for withdrawing his plea, and in concluding no hearing on the matter was warranted.

Because no error undermined the decisions not to allow withdrawal of the plea, Collins suffered no actual prejudice when the district judge also declined to continue sentencing. With no showing of actual prejudice, Collins has no basis to challenge denial of a continuance. *United States v. Harris*, 718 F.3d 698, 703 (7th Cir. 2013). The district court did not abuse its discretion by proceeding with sentencing as-scheduled.

### 2. *Acceptance of Responsibility*

The Sentencing Guidelines permit a two-level decrease in a defendant's offense level "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a).[3] A defendant—who has the burden of proof on the issue, *United States v. Fuller*, 15 F.3d 646, 650 (7th Cir. 1994), is not entitled to an acceptance of responsibility adjustment simply because he enters a guilty plea, *United States v. Dachman*, 743 F.3d 254, 259 (7th Cir. 2014) (quoting U.S.S.G. § 3E1.1, Application Note 3).

Rather, whether a defendant has fully accepted responsibility is a finding to be made by the trial court, based largely on determinations regarding the defendant's credibility and conduct. *Dachman*, 743 F.3d at 259–60. The district court's de-

---

[3] If the sentencing court, in its discretionary authority, grants the two-level reduction in subsection (a), another one-level reduction is available via U.S.S.G. § 3E1.1(b) *if* the offense level determined prior to the operation of subsection (a) is level 16 or greater *and* the government, stating that certain conditions are met, moves for that third point. *See United States v. Munoz*, 718 F.3d 726, 731 (7th Cir. 2013); *United States v. Mount*, 675 F.3d 1052, 1059 (7th Cir. 2012).

termination is reviewed for clear error, only to be reversed if this Court "is left with the definite and firm conviction that a mistake has been committed." *U.S. v. Mayberry*, 272 F.3d 945, 947 (7th Cir. 2001) (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 365, 395 (1948)). The sentencing judge is entitled to "great deference," since he or she is uniquely positioned to evaluate a defendant's acceptance of responsibility. *Dachman*, 743 F.3d at 260 (quoting *United States v. Frykholm*, 267 F.3d 604, 610 (7th Cir. 2001)) (internal quotation marks omitted).

Here, the district court based its decision to withhold an acceptance of responsibility adjustment on Collins' ill-fated attempts to withdraw his plea. Longstanding precedent permits district judges to withhold the adjustment for that reason alone.

In *U.S. v. Price*, this Court concluded that a defendant's "belated attempt to withdraw his guilty plea is grounds for denial of reduction for acceptance of responsibility." *Price*, 988 F.2d 712, 722 (7th Cir. 1993). The *Price* panel invoked *U.S. v. Trussel*, in which a district court found a defendant's efforts to withdraw his plea were manipulative prevarication. *Id.* (citing *Trussel*, 961 F.2d 685, 691 (7th Cir. 1992)). And in *U.S. v. Fuller*, an attempt to withdraw a guilty plea was an independent reason for finding a defendant did not accept responsibility, especially where the defendant never raised specific instances of just how he accepted responsibility. *Fuller*, 15 F.3d at 650–51.

Collins' argument falls squarely in the crosshairs of *Price*, *Trussel*, and *Fuller*. As in *Price*, the late effort to escape from his guilty plea—remember, Collins' last motion to withdraw his plea came just two days before sentencing—is discordant with Collins' protestations he accepted responsibility. As in

*Trussel*, the sentencing judge's decision was bolstered by a finding of Collins' disingenuous behavior: he had a "demonstrated lack of credibility." And like the defendant in *Fuller*, Collins "points to no actual instances of his acceptance of responsibility." *Fuller*, 15 F.3d at 651. The district court made no clear error in finding that Collins did not clearly accept responsibility for his offense. *See* U.S.S.G. § 3E1.1.

### 3. Reasonableness of Sentence

The parties—not the courts—must research and construct available legal arguments. *Pine Top Receivables of Ill., LLC v. Banco de Seguros del Estado*, 771 F.3d 980, 987 (7th Cir. 2014) (quoting *United States v. Holm*, 326 F.3d 872, 877 (7th Cir. 2003)). Accordingly, this Court has long warned that "perfunctory and undeveloped arguments" are deemed waived. *Id.*

The entirety of Collins's final argument is a single sentence in his issues presented: "Did the District Court err by sentencing Adrian Collins near the top of the applicable Guideline range?" That question is unsupported by argument, bereft of citations, and completely undeveloped in Collins' brief. As such, it is an "afterthought without citation to authority" insufficient to raise an issue on appeal, and is deemed waived. *Ordower v. Feldman*, 826 F.2d 1569, 1576 (7th Cir. 1987).

### III. Conclusion

The district court acted within its discretion in denying Collins' motions to withdraw his guilty plea (and related motion to continue) without a hearing. Likewise, the conclusion that Collins did not qualify for an acceptance of responsibility reduction was within the sentencing judge's discre-

tion. Any argument targeting the reasonableness of Collins' sentence is waived. We AFFIRM Collins' 96-month sentence.