**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 23, 2019
Decided October 23, 2019

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 18-2772

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Central District of Illinois. |
| | |
| *v.* | No. 16-cr-30036 |
| | |
| CALVIN WILLIAMS, | Sue E. Myerscough, |
| *Defendant-Appellant.* | *Judge.* |

**O R D E R**

Calvin Williams pleaded guilty to sexually exploiting a child, *see* 18 U.S.C.
§ 2251(a), and waived his right to appeal all issues relating to the plea agreement,
conviction, and sentence. The district court later denied Williams's motion to withdraw
his guilty plea and imposed a below-guidelines sentence of 20 years' imprisonment and
10 years' supervised release. Williams appeals, but his lawyer moves to withdraw from
the appeal, arguing that it is frivolous. *See Anders v. California*, 386 U.S. 738 (1967). In
moving to withdraw, counsel explains the nature of the case and addresses the potential
issues that this kind of appeal might involve. Because counsel's analysis appears
thorough and Williams has not responded to counsel's motion, *see* CIR. R. 51(b), we

limit our review to the subjects counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel first considers whether Williams could challenge the district court's denial of his motion to withdraw his guilty plea, but she does not tell us whether Williams wants to challenge his plea. If counsel did not consult Williams and advise him of the risks of withdrawing his plea, she should have done so before submitting her *Anders* motion. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Even so, we need not reject counsel's brief because the plea transcript shows that the district court complied with all requirements of Federal Rule of Criminal Procedure 11, and therefore a challenge to the plea would be pointless. *See Konczak*, 683 F.3d at 349. During the plea colloquy, the court explained the nature of the charge, the statutory penalties (not less than 15 years' imprisonment and up to 30, *see* 18 U.S.C. § 2551(e)), the sentence stipulated in the plea agreement, the trial rights Williams would waive by entering his guilty plea, and the nature of the appeal waiver to which he agreed. *See* FED. R. CRIM. P. 11(b)(1). The court also ensured that Williams's guilty plea did not result from threats or promises other than those in the agreement, and that Williams entered the plea because he committed the alleged acts. *See* FED. R. CRIM. P. 11(b)(2), (3).

Likewise, as counsel appropriately concludes, an argument that the district court abused its discretion by not allowing Williams to withdraw his plea would be fruitless. Williams had moved to withdraw the guilty plea on six grounds, each of which the district court gave sound reasons for rejecting. First, Williams argued that his depression prohibited him from understanding the plea colloquy. But the court properly concluded that, despite his history of depression, Williams understood the change-of-plea proceedings and his guilty plea. In response to the court's questions during the plea colloquy, for instance, Williams stated that he had not seen a psychiatrist at any time for a mental disorder, that he felt physically well, and that he understood the nature of the hearing—all statements that are "entitled to a presumption of verity." *See United States v. Collins*, 796 F.3d 829, 834 (7th Cir. 2015). The court also appropriately rejected Williams's second argument—that he wanted to go to trial to prove his innocence. Williams's bald assertion of innocence is frivolous in the face of his admissions—both during the plea colloquy and later at the hearing to withdraw his plea—regarding the sexually exploitive conduct that underlie his charge. *See United States v. Hodges*, 259 F.3d 655, 661 (7th Cir. 2001). As for Williams's third argument—that the presentence investigation report contained inaccuracies—the court

appropriately concluded that they too did not justify allowing Williams to withdraw his plea. An objection to a fact in the PSR that does not bear on the defendant's sentence is not a valid reason for withdrawing a plea. *See United States v. Redmond*, 667 F.3d 863, 873 (7th Cir. 2012). Williams argued, fourth, that he should not have to register as a sex offender, but this too the court properly rejected because Williams offered no evidence that this condition of supervised release is unfair. An argument that a defendant "does not believe" he should have to register, and other conclusory arguments like it, is insufficient to justify the withdrawal of a plea. *See Collins*, 796 F.3d at 834. Similarly, the court was correct to brush aside Williams's fifth argument—challenging the constitutionality of 18 U.S.C. § 2551(a) on grounds that Illinois did not criminalize the underlying conduct—because Illinois and the United States are separate sovereigns. *See United States v. Moore*, 543 F.3d 891, 897 (7th Cir. 2008). As for Williams's final argument that similarly situated defendants have received lesser sentences than he, the district court properly rejected it because the statutory minimum for his conviction was fifteen years' imprisonment.

Counsel next considers whether Williams could challenge his conviction or sentence but correctly concludes that his broad appeal waiver would foreclose that challenge. In his plea agreement, Williams waived the right "to appeal any and all issues relating to this plea agreement and conviction and to the sentence.…" We enforce waivers of the right to appeal if the underlying plea was knowing and voluntary and complied with Rule 11, see *United States v. Kilcrease*, 665 F.3d 924, 927, 929 (7th Cir. 2012), and we already have determined that a challenge to the plea would be frivolous.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.