NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 16, 2022
Decided February 16, 2022

*Before*

DIANE S. SYKES, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 21-1457

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 1:19-CR-00358(1) |
| ANTHONY TOWNSEL, *Defendant-Appellant*. | John Z. Lee, *Judge*. |

**O R D E R**

Anthony Townsel pleaded guilty to assaulting an employee of the United States Postal Service with a deadly weapon. 18 U.S.C. § 111(a)–(b). At sentencing, the district judge calculated a guidelines range of 33 to 41 months' imprisonment and sentenced Townsel to 36 months. Townsel appeals, but his appointed counsel asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Counsel's brief explains the nature of the case and raises potential issues that an

appeal like this could involve. Because his analysis appears adequate, and Townsel has not responded, *see* CIR. R. 51(b), we limit our review to the subjects that he discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Townsel's guilty plea arose out of his violent assault of his former romantic partner, who worked for the United States Postal Service. Townsel went to the Post Office where she worked and, incensed by her supposed infidelity, chased her with a metal baton. In his plea agreement and at his change-of-plea hearing, Townsel admitted that he used a metal baton to assault his former partner.

Counsel evaluates a potential challenge to the district judge's acceptance of the guilty plea, but he does not say whether he consulted with Townsel about the risks and benefits of such a challenge. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012). The omission is harmless because we agree with counsel that Townsel could not raise a plausible challenge to the validity of his plea. The record shows that the judge adequately complied with Federal Rule of Criminal Procedure 11. The judge ensured that Townsel understood the charges against him, the trial and appellate rights that he was waiving, the maximum penalties for his offense, and the role of the sentencing guidelines. *See* FED. R. CRIM. P. 11(b)(1). The judge also determined that Townsel's plea was supported by an adequate factual basis, and Townsel assured the judge that he understood the plea's significance and "wholeheartedly" entered into it "voluntarily and freely." *See* FED. R. CRIM. P. 11(b)(2)–(3). We would presume that these statements from Townsel during the judge's colloquy are true. *See United States v. Collins*, 796 F.3d 829, 834–35 (7th Cir. 2015). Thus, as counsel does, we conclude that any challenge to the validity of Townsel's plea would be pointless.

Counsel next addresses whether Townsel could argue that the judge abused his discretion by denying Townsel's request to withdraw his plea. (The judge denied Townsel's first motion to withdraw, but did not address two later requests, which furnished no new grounds.) Defendants have no absolute right to withdraw a guilty plea before sentencing, *United States v. Fard*, 775 F.3d 939, 943 (7th Cir. 2015), and Townsel's reasons for seeking a withdrawal did not require a favorable exercise of discretion. In his motions, he said that he did not use a metal baton, that his lawyer misled and threatened him, and that he did not review the plea agreement. But he did not offer any explanation (let alone a "compelling" one) why he was contradicting his sworn statements from his plea hearing; the judge could therefore reasonably rely on the sworn statements to deny his motions. *Collins*, 796 F.3d at 834. A challenge to the judge's refusal to allow Townsel to withdraw his plea would thus be frivolous. *See id.*

Counsel also considers challenging Townsel's 36-month prison term. Counsel does not say whether he discussed with Townsel the risks of such a challenge, *see United States v. Caviedes-Zuniga*, 948 F.3d 854, 856 (7th Cir. 2020), but the challenge would be pointless. Townsel conceded that the presentence investigation report correctly stated that, based on a total offense level of 19 and a criminal history category of II, the guidelines range was 33 to 41 months in prison. Counsel ponders two potential procedural issues, but neither one presents an arguable error in the sentence.

First, Townsel asked the judge to remove a two-level increase to the base offense level for using a deadly weapon to assault a federal worker. *See* U.S.S.G. § 2A2.2(b)(7). Townsel had argued that this enhancement duplicated another deadly-weapon enhancement: U.S.S.G. § 2A2.2(b)(2)(C). But as the judge correctly explained, the two enhancements address separate aspects of Townsel's conduct. The latter provision enhances the offense level of an aggravated assault when the assault involved a dangerous weapon, as it did here; the former applies when the dangerous weapon was used against a federal employee, as also occurred.

Second, Townsel had argued that, in arriving at the guidelines range, the judge should apply the "departure" policy statement of U.S.S.G. § 5K2.10, based on his view that he had been provoked by a belief that the victim was unfaithful. In denying this request, the judge explained that Townsel's assault "cannot be tolerated, whatever the cause." This decision is not a procedural sentencing error because § 5K2.10 is not a required part of a guidelines calculation.

Finally, counsel considers and rightly rejects as frivolous a substantive challenge to Townsel's within-guidelines sentence of 36 months. Townsel's within-guidelines sentence is presumed to be substantively reasonable, *see United States v. McDonald*, 981 F.3d 579, 581 (7th Cir. 2020), and nothing here would rebut that presumption. In accordance with 18 U.S.C. § 3553(a), the judge reasonably weighed the seriousness of the offense (assaulting someone with a baton), Townsel's criminal history and characteristics (a decades-old murder conviction and signs of impaired cognitive skills), and the need to deter and justly punish Townsel's violence even if, as he had argued, it may have been motivated by the victim's supposed infidelity.

We therefore GRANT counsel's motion to withdraw and DISMISS the appeal.