NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued May 21, 2021
Decided November 23, 2022

**Before**

DIANE S. SYKES, *Chief Judge*

KENNETH F. RIPPLE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

| | |
|---|---|
| No. 20-2557 | Appeal from the United States District Court for the |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Northern District of Indiana, Hammond Division. |
| *v.* | No. 2:16-cr-177 |
| JESUS LOPEZ, *Defendant-Appellant*. | James T. Moody, *Judge*. |

## O R D E R

Jesus Lopez was indicted for possessing methamphetamine with intent to distribute after police in Hobart, Indiana, found him in possession of 450 grams of the highly pure "ice" form of the drug during a traffic stop. He pleaded guilty pursuant to a written plea agreement in which he waived his right to appeal.

Before sentencing Lopez moved to withdraw his plea, claiming that he did not understand some of the terms of the plea agreement because his native language is Spanish. The district judge denied the motion, explaining that Lopez had the assistance

of an interpreter during the change-of-plea hearing, the plea colloquy was thorough, and Lopez specifically confirmed under oath that he understood the plea agreement and all other aspects of the proceeding. The judge then imposed a sentence of 240 months in prison, the statutory maximum.

Lopez appealed, challenging the denial of his motion to withdraw his guilty plea. He also raises a claim of sentencing error. We see no error in the judge's ruling on the plea-withdrawal motion. And because Lopez's guilty plea was knowing and voluntary, the appeal waiver is valid and enforceable, which precludes review of the sentencing issue.

## I. Background

On November 16, 2016, Lopez and his wife, Rosalba Franco, were stopped for speeding in Hobart, Indiana. Their car smelled of burnt marijuana, so the officer asked Franco, the driver, to step out of the vehicle and wait in the patrol car. A few minutes later, Lopez too was escorted to the patrol car. Officers then searched the couple's car and recovered a bag containing more than 450 grams of methamphetamine. While alone in the squad, Lopez and his wife discussed who should take the blame for the drugs, a conversation that was captured on the squad's recording system.

Lopez and Franco were indicted for possessing methamphetamine with intent to distribute, 21 U.S.C. § 841(a)(1). Further investigation revealed that Lopez had paid Dana Woody, a coconspirator, to transport 16 kilograms of methamphetamine from Mexico to Chicago.

In June 2018 Lopez pleaded guilty to the single count in the indictment. Under the terms of his written plea agreement, he agreed that "the amount of drugs involved in both my offense and all relevant conduct … is 4.5 kilograms or more" of methamphetamine in the "ice" form of the drug. This drug-quantity stipulation included the methamphetamine found in Lopez's possession and the additional amount of meth that he paid Woody to transport. The government, in turn, agreed to recommend a sentence "at the minimum of the applicable guideline range" as determined by the court. The plea agreement also contained a broad appeal waiver: "I expressly waive my right to appeal or to contest my conviction and all components of my sentence or the manner in which my conviction or my sentence was determined or imposed … other than a claim of ineffective assistance of counsel … ."

Because Spanish is Lopez's native language and he was not fully proficient in English, the court ordered that a Spanish-language interpreter be provided to assist him at the change-of-plea hearing. At the beginning of the hearing, Lopez and the interpreter were sworn in and Lopez confirmed on the record that he understood the interpreter's translation. The judge then moved through the elements of a guilty-plea colloquy as required under Rule 11(b)(1) of the Federal Rules of Criminal Procedure. As relevant here, the judge asked Lopez whether he had received a written copy of the indictment and had fully discussed the charge, and his case more generally, with his lawyer "with the assistance of an interpreter." Lopez responded, "No, I know exactly the consequences that I am facing now." The "no" part of this response introduced some ambiguity, so the judge recessed the proceedings so that Lopez could confer with his lawyer and review the charge and the plea agreement with the aid of the interpreter.

The recess lasted six minutes. When the hearing resumed, Lopez confirmed that he had received a copy of the charge and reviewed it with his lawyer with the assistance of the interpreter; that he had thoroughly discussed the case with his lawyer, again with the assistance of the interpreter; and that he had fully discussed the contents of the plea agreement with his lawyer, also with the assistance of the interpreter. In particular, he confirmed that he and his lawyer had reviewed section 7c. of the plea agreement—the drug-quantity stipulation—with the assistance of the interpreter and that he understood it. He also confirmed his understanding that the judge might impose a sentence different from the one recommended by the government or predicted by his lawyer. Finally, he confirmed on the record that he was satisfied with his lawyer's representation.

At the end of the plea colloquy, the judge found that Lopez was pleading guilty knowingly and voluntarily and with a full understanding of the charged crime and the consequences of the plea. The judge therefore accepted the plea, found Lopez guilty, and ordered a presentence report. The judge ended the hearing by asking Lopez if he had any questions. Lopez replied, "No, everything is all right. I understood everything."

The probation office promptly prepared a draft presentence report. After Lopez filed objections, the report was finalized and submitted to the parties and the court. Using the stipulated drug quantity of 4.5 kilograms of "ice," the probation office began with a base offense level of 38 and added two levels for Lopez's role in the offense as an organizer and leader and two levels because the offense involved the importation of methamphetamine. Lopez's acceptance of responsibility reduced the offense level by

three points. When combined with a criminal history category II, the final offense level of 39 yielded a Guidelines range of 292 to 365 months, but the range was capped by the statutory maximum of 20 years in prison.

Roughly nine months later and before a sentencing date was set, Lopez's attorney moved to withdraw based on a breakdown in the attorney-client relationship. Two weeks later, Lopez filed a pro se motion to withdraw his plea. The judge granted counsel's motion to withdraw, appointed new counsel, and struck the pro se motion to permit new counsel to evaluate the matter. Two months later, Lopez's new counsel filed a new motion to withdraw the guilty plea, arguing that Lopez did not understand the consequences of his plea or the parameters of the plea agreement—particularly section 7c., which contained the stipulation regarding relevant conduct—because his attorney did not review the indictment or the agreement with him with the assistance of an interpreter.

The judge denied the motion without a hearing, explaining that Lopez's new arguments directly contradicted his unequivocal sworn statements during the plea hearing confirming that he had fully reviewed the charge and the plea agreement with his lawyer and with the assistance of the interpreter. The case proceeded to sentencing, and the judge imposed a sentence of 240 months, the statutory maximum.

## II. Discussion

Lopez challenges the judge's denial of his motion to withdraw his guilty plea. He also raises a claim of sentencing error concerning the drug quantity attributed to him as relevant conduct. The appeal waiver in Lopez's plea agreement does not block our review of the first issue; an appeal waiver is valid and enforceable if the defendant knowingly and voluntarily entered into the plea agreement and the guilty plea. *United States v. Haslam*, 833 F.3d 840, 844 (7th Cir. 2016). So the question of enforcing the appeal waiver merges with our review of the denial of the plea-withdrawal motion. "In other words, an appeal waiver stands or falls with the underlying agreement and plea. If the agreement and guilty plea are valid, so too is the appeal waiver." *United States v. Nulf*, 978 F.3d 504, 506 (7th Cir. 2020).

We review the judge's denial of Lopez's plea-withdrawal motion for abuse of discretion, and factual findings within that ruling are reviewed for clear error. *United States v. Collins*, 796 F.3d 829, 834 (7th Cir. 2015). "A defendant has no absolute right to withdraw a guilty plea before sentencing." *Id.* Rather, a defendant may be permitted to withdraw his guilty plea before sentencing if he establishes "a fair and just reason" to

do so. FED. R. CRIM. P. 11(d)(2)(B). Successfully showing that the plea was not knowing and voluntary obviously satisfies this standard. *United States v. Graf*, 827 F.3d 581, 583 (7th Cir. 2016). "But the defendant bears a heavy burden of persuasion" to prevail on a motion to withdraw his guilty plea. *Collins*, 796 F.3d at 834.

When the proffered reason to withdraw the plea contradicts answers made at the plea hearing, the defendant faces an even steeper uphill climb. *Id.* That's because the representations made at a plea hearing "are entitled to a presumption of verity." *Id.* Where, as here, the plea-withdrawal motion "is premised on [the] defendant's untruthfulness during plea proceedings, a court may (unless the defendant has a compelling explanation) reject that motion out of hand." *Id.* Finally, because Lopez concedes that the judge conducted a thorough and proper Rule 11 colloquy, his burden is heavier still. The colloquy required by Rule 11 is designed to ensure that a defendant's guilty plea is entered knowingly and voluntarily; therefore, "[o]nce a proper Rule 11 colloquy has taken place, the "'fair and just … escape hatch is narrow.'" *Id.* at 835 (quoting *United States v. Mays*, 593 F.3d 603, 607 (7th Cir. 2010)).

Lopez argued in his plea-withdrawal motion that he did not understand the charge or the terms of the plea agreement because his lawyer did not review the documents with him with the assistance of an interpreter. That claim directly contradicts his sworn statements during the plea hearing. After a brief recess to clear up an ambiguity that arose during the Rule 11 colloquy, Lopez confirmed under oath that he had reviewed the indictment and the plea agreement with his lawyer with the assistance of the interpreter and that he fully understood both. "We give special weight to a defendant's sworn testimony in a Rule 11 plea colloquy," which is "presumed true." *United States v. Smith*, 989 F.3d 575, 582 (7th Cir. 2021). As the district judge explained, Lopez presented no compelling reason—or indeed, any explanation at all—for contradicting the sworn statements he made during his plea hearing.

In *United States v. Hernandez*, 731 F.3d 666, 670–71 (7th Cir. 2013), we rejected a similar claim by a Spanish-speaking defendant that he did not knowingly plead guilty because he lacked the language fluency to understand the proceedings. There the record showed without contradiction that the defendant had the assistance of an interpreter and that the judge conducted a thorough guilty-plea colloquy. *Id.* The same is true here.

Lopez argues that the judge should have held an evidentiary hearing on the plea-withdrawal motion. As we've explained, however, Lopez needed a compelling reason to contradict the sworn statements he made during the plea hearing. "If no substantial

evidence is offered, or if the allegations advanced in support of the motion are conclusory or unreliable, the motion may be summarily denied." *Collins*, 796 F.3d at 834. Lopez offered no compelling reason for contradicting himself, so the judge was well within his discretion to deny the plea-withdrawal motion without a hearing.

Because Lopez's guilty plea was knowing and voluntary, the appeal waiver in his plea agreement is valid and enforceable. *Nulf*, 978 F.3d at 506. The waiver precludes appeal on any basis other than a claim of ineffective assistance of counsel, so we cannot review the sentencing issue.

AFFIRMED